Albert SHARPE, Neville Hall, Una Francis, Mabel Mewborn, and Helen Reyes, on behalf of themselves and others similarly situated, Plaintiffs-Appellees,

v.

Patricia R. HARRIS, Secretary of the Department of Health, Education and Welfare, Defendant-Appellant.

No. 1079, Docket 80–6012.

United States Court of Appeals, Second Circuit.

Argued April 18, 1980.

Decided May 15, 1980.

Susan M. Campbell, Asst. U. S. Atty., New York City (William M. Tendy, U. S. Atty. for the Southern District of New York, Peter C. Salerno, Asst. U. S. Atty., New York City, of counsel), for defendant-appellant.

Jane Greengold Stevens, New York City (Legal Services for the Elderly Poor; Igou M. Allbray, Mary Jo Long, Brooklyn Legal Services Corp., Brooklyn, N. Y., Arthur J. Fried, Legal Aid Society, New York City, of counsel), for plaintiffs-appellees.

Before MULLIGAN, Circuit Judge, SPEARS * and SWEET,** District Judges.

PER CURIAM:

The Secretary of the Department of Health, Education and Welfare ("HEW") has filed this appeal from an order entered on November 14, 1979 by the Honorable Charles S. Haight, Jr., United States District Court, Southern District of New York, granting permanent injunctive relief in favor of the plaintiff class. The class, certified by order dated June 22, 1979, consists of New York State residents who apply for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381 et seq. The district court imposed time limits within which the Secretary must conduct hearings, issue decisions and commence payments to members of the class in the event of favorable decisions. In the event of a failure to meet these time limits, the court ordered the Secretary to make interim payments pending final decision subject to recoupment. In fashioning a remedy in this case, the trial court relied on two prior decisions of this court, *Barnett v. Califano*, 580 F.2d 28 (2d Cir. 1978), and *White v. Mathews*, 559 F.2d 852 (2d Cir. 1977), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978).

■ The Secretary does not challenge the factual findings reached by Judge Haight in his careful and thorough opinion below. Rather the Secretary claims that in view of the publication of proposed regulations on February 28, 1980 containing time limits for the rendition of decisions as required by *Blankenship v. Secretary of HEW*, 587 F.2d 329 (6th Cir. 1978), this court should vacate

the judgment below, However, those regulations have not become final and binding on HEW. The mere publication of regulations does not assure that they will be enforced. The district court found that current delays in hearings exceed the time limits imposed by statute for cases not involving disability issues, and exceed those contained in the proposed regulations for disability issue cases. Under these circumstances, there is no basis to vacate the judgment.

Relying upon *Wright v. Califano*, 587 F.2d 345 (7th Cir. 1978), the Secretary urges this court to reconsider its prior rulings in *Barnett v. Califano*, supra, and *White v. Mathews*, supra, in order to prevent undue judicial interference with the administration of Title XVI. In *Wright*, the Court of Appeals for the Seventh Circuit reversed the district court's granting of injunctive relief similar to that granted here on the ground that the delays in hearings were a result not of inefficiencies but of a lack of agency resources. The court also noted the dangers which could result if courts in particular regions of the country placed excessive demands upon agency resources, thereby thwarting a national solution to the delay problem.

■ Here the Secretary has had an opportunity to propose nationwide regulations setting standards for reasonable delays. The judgment entered by the court below embodies these time limits and thus does not represent an undue interference with HEW's discretion. In any event, as in *Barnett v. Califano*, supra, 580 F.2d at 31–32, and *White v. Mathews*, supra, 559 F.2d at 859, the danger of judicial intervention is outweighed by the irreparable harm suffered by members of the plaintiff class who encounter unreasonable delays in gaining consideration of their applications.

■ Similarly, we reject the Secretary's contention that the district court erred in imposing time limits on commencement of payments following a favorable

---

* Honorable Adrian A. Spears, Senior District Judge of the Western District of Texas, sitting by designation.

** Honorable Robert W. Sweet, District Judge of the Southern District of New York, sitting by designation.

532

decision. The judgment below requires that payments begin within twenty days of a favorable decision in cases in which the decision contains findings as to the proper level of payments and within sixty days of decision in cases requiring a "pre-effectuation re-evaluation" to assess the appropriate level of benefits. The district court properly held that Title XVI of the Act contemplates that payments shall commence within a reasonable time after a favorable decision. See 42 U.S.C. §§ 1381a, 1383(a)(1), 1383(c)(1). The specific time limits of twenty and sixty days are derived from HEW's own Claims Manual § 13427.1(c). The court had authority under the Mandamus Act, 28 U.S.C. § 1361, to impose these constraints on commencement of payments, See *Barnett v. Califano*, supra, 580 F.2d at 31.

Finally, we conclude, in light of all the circumstances, that the schedule provided by the trial court for implementation of the judgment did not constitute an abuse of discretion. Accordingly, the partial final judgment of the district court is affirmed.