541 F.Supp. 1360 (1982)
Arelia WILLIAMS, Individually and on behalf of all others similarly situated, Plaintiff,
v.
Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.
No. 81-1070C(2).
United States District Court, E. D. Missouri, E. D.
June 30, 1982.
*1361 Richard D. Chase, Legal Services of Eastern Missouri, St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff, Arelia Williams brings this action pursuant to 28 U.S.C. § 1361 and 42 U.S.C. § 1383(c)(3) seeking declaratory and injunctive relief. Plaintiff alleges that the failure of the defendant to issue hearing decisions on applications for Supplemental Security Income disability benefits within a reasonable time violates the Social Security Act, 42 U.S.C. § 1381 et seq., the Administrative Procedure Act, 5 U.S.C. §§ 554, 555 and 701 et seq., and the Due Process Clause *1362 of the Fifth Amendment. Therefore, through this action, the plaintiff is seeking an order compelling the Social Security Administration to issue administrative hearing decisions within a reasonable time. In addition, the plaintiff requests that she be certified as the representative of a class composed of all Missouri, Nebraska, Kansas, and Iowa applicants for Supplemental Security Income disability benefits, who have not received or will not receive a hearing decision within a reasonable time following their requests for an administrative hearing.
This case was tried to the Court without a jury. The case was presented by means of a stipulation of facts. Based upon the record herein, the Court makes the following findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.

FINDINGS OF FACT
1. Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., provides for the monthly payment of Supplemental Security Income [hereinafter "SSI"] benefits to the needy, aged, blind, or totally disabled individuals. The basic purpose behind the SSI program is to assure a minimum level of income for people who are age sixty-five or older, or blind, or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level. SSI is a need-based program, requiring recipients to meet certain income and resource standards which are set out in 20 C.F.R., Part 416.
2. In order to qualify for the receipt of SSI disability benefits an applicant must meet the following disability standard:
An individual shall be considered to be disabled for the purpose of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (or, in the case of a child under the age of 18) if he suffers from any medically determinable physical or mental impairment of comparable severity.
42 U.S.C. § 1382c(a)(3).
3. Congress enacted the SSI program and made grants available pursuant to the Social Security Act in 1973. The SSI Scheme replaced financial assistance programs for the aged, blind, and disabled in fifty states and the District of Columbia. Payments are financed from the general funds of the United States Treasury.
4. The Social Security Act authorizes the Secretary of the Department of Health and Human Services to adopt such rules and regulations as are necessary to carry out the provisions of Title XVI of the Act. 42 U.S.C. § 1302. The rules and regulations governing Title XVI are codified at 20 C.F.R., Part 416. The Social Security Administration, which is an agency of the Department of Health and Human Services, implements these regulations. The statute and regulations specify the procedure that an applicant must follow to obtain SSI benefits.
5. Pursuant to these regulations, an individual seeking SSI benefits first must file a written application for benefits at a Social Security Office. 42 C.F.R. § 416.300 et seq. The regulations require the office to make an Initial Determination with respect to the eligibility of the applicant for benefits. In the event the Initial Determination is unfavorable to the applicant, the claimant may request Reconsideration within sixty days. If the agency makes another negative determination at this level, the claimant may request a hearing before an Administrative Law Judge [hereinafter "ALJ"] within sixty days, 20 C.F.R. § 416.1400 et seq. If the hearing is unfavorable to the claimant, the statute and regulations allow the applicant the opportunity to appeal the decision to the Appeals Council in *1363 Washington, D. C. and ultimately to the federal courts.
6. The Hearing held in front of the ALJ provides the applicant with his first opportunity in the administrative process to make his claim in person. The purpose of the Hearing is to provide the claimant with a new and independent adjudication of his claim for SSI benefits. Although the hearings are non-adversarial, claimants have the right to appear, to be represented by counsel, to testify, present witnesses, subpoena records, introduce evidence, cross-examine witnesses, and to present oral argument and written briefs. The ALJ who conducts Hearings on applications for SSI disability benefits is an attorney. A complete record of the proceedings is made, and following the Hearing, the ALJ issues a written decision based upon the record and the evidence presented. The hearing decision should contain findings of fact and reasons in support thereof. Plaintiff is objecting to the length of time that the agency is taking to provide applicants with a hearing and to issue a hearing decision.
7. If it is determined at any stage of the proceedings that a claimant meets the income and resource standards required by the SSI program, the agency will authorize the payment of benefits retroactively to the month which the claimant applied for SSI benefits. Benefit payments normally begin within thirty to sixty days from the date of a favorable hearing decision. The maximum amount of SSI benefits currently is $264.70 per month.
8. The Social Security Administration has divided the United States into Regions for the purpose of administering the Social Security Act. The plaintiff and the members of the class of which she is a representative, reside in Region VII of the Social Security Administration which consists of the states of Missouri, Iowa, Nebraska, and Kansas.
9. The average times for processing SSI applications involving the existence of a disability in Region VII of the Social Security Administration are as follows:

 Request for Request for
 Hearing to Hearing to Hearing to
 Hearing (in Hearing Hearing
Month (1981) days) Decision Decision
January 133 58 191
February 134 61 195
March 128 59 187
April 125 51 176
May 139 51 190

The parties stipulated that the above statistics are the most current available. In addition, the parties agreed at the time of the filing of their stipulation, on December 4, 1981, that the average time for processing SSI applications involving the existence of a disability in Region VII was the same as it was for the period from January, 1981 through May, 1981.
10. The number of ALJs that the agency employed in Region VII and the number of hearings held and hearing decisions that ALJs issued with respect to SSI applications involving the existence of a disability are as follows:

 Hearing
 Hearings Decisions
Month (1981) Held Issued ALJs
January - - - - 28
February 302 362 28
March 392 406 28
April 442 429 27
May 369 404 27
June 385 446 26
July 330 465 25
August 334 407 25
September 408 392 26

11. Administrative hearings on applications for Supplemental Security Income disability benefits account for fifty percent of the hearings held and hearing decisions issued by ALJs in Region VII. Social Security disability claims, without concurrent SSI claims account for nearly all of the remaining hearings held in this Region.
12. In Region VII more than fifty percent of the hearing decisions issued by ALJs on the question of whether an applicant is entitled to Supplemental Security Income disability benefits result in the reversal of earlier determinations that the claimant is not disabled within the meaning of Title XVI of the Social Security Act.
*1364 13. The plaintiff in this case is a forty-seven year old resident of St. Louis, Missouri. She applied for SSI disability benefits on August 14, 1980. Her application was denied upon Initial Determination and Reconsideration. On February 19, 1981 the plaintiff filed a Request for Hearing; however, no hearing was held until September 22, 1981. On October 1, 1981, the ALJ issued a decision finding that the plaintiff met the disability standard required for the receipt of SSI benefits.
14. In several regions, courts have ordered the defendant Secretary of Health and Human Services to hold Social Security or Supplemental Security Income disability hearings and to issue hearing decisions within specified periods of time. The defendant estimates that the following levels of compliance have occurred in different regions in response to court order:
Region I
The regional office estimates that the total compliance rate was close to 99%.
Region II
The court orders in this region affect almost all of the recipients in New York State. The regional office estimates that the total number of cases impacted is approximately 99%.
Region III
The compliance rate was approximately 99% for the time period covered by the court orders which was October 1, 1979 through October 31, 1981.
Region V
In this region there were three different court orders. One order covered the time period of June 23, 1978 through February 7, 1980 for which there was a 70% compliance rate. Another order resulted in a 99% compliance rate. A final order, affecting only the Cincinnati Hearing Office resulted in a 96% compliance rate over a two year period.
Region IX
In this region there was a 99% compliance rate. The majority of cases not in compliance were caused by the failure of the Social Security District Office to notify the Social Security Administration that a Request for Hearing had been filed.

CONCLUSIONS OF LAW
This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1361 and 42 U.S.C. § 1383(c)(3).[1] Plaintiff alleges that she is entitled to an order compelling the Social Security Administration to issue administrative hearing decisions within a reasonable time. In addition, the plaintiff seeks certification of a class composed of all Missouri, Nebraska, Kansas and Iowa applicants for SSI disability benefits, who have not received or will not receive a hearing decision within a reasonable time following their request for an administrative hearing. The defendant objects to the plaintiff's request *1365 for relief and to her motion for class certification on several grounds. First, the defendant argues that the Secretary is in the process of approving and adopting regulations that would establish guidelines for the timing of hearings and the issuing of decisions; the Secretary argues that an order granting relief would interfere with the attempt of the agency to establish uniform guidelines and reform the overall hearing process. Second, the Secretary argues that class certification in this action would be inappropriate because the plaintiff has received an administrative hearing and decision, and therefore her legal claims have been rendered moot. In addition, the defendant argues that the proposed class does not meet the prerequisites for certification of a class action as required by Rule 23 of the Federal Rules of Civil Procedure. Finally, the defendant Secretary contends that the delays in the administrative process do not constitute a violation of the Due Process Clause of the Fifth Amendment and therefore injunctive and declaratory relief is not appropriate under the circumstances of this case.
Several courts have addressed the legal issues presented by the facts of this case and have concluded almost unanimously[2] that it is appropriate to compel the defendant to hold administrative hearings and issue decisions in a more expedient fashion. Sharpe v. Harris, 621 F.2d 530 (2d Cir. 1980); Blankenship v. Secretary of HEW, 587 F.2d 329 (6th Cir. 1978); Caswell v. Califano, 583 F.2d 9 (1st Cir. 1978); White v. Mathews, 559 F.2d 852 (2d Cir. 1977) cert. denied 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978); Cockrum v. Califano, 475 F.Supp. 1222 (D.C.D.C.1979). Therefore, although this Court is hesitant to interfere with the administrative process, principles of res judicata and collateral estoppel compel the conclusion that the delay in processing applications for SSI disability benefits is in violation of the Social Security Act, 42 U.S.C. § 1381 et seq., and the Administrative Procedure Act, 5 U.S.C. §§ 554, 555 and 701 et seq.
The first question of law that must be resolved is whether the certification of a class represented by the plaintiff Arelia Williams is appropriate under the circumstances of this case. The defendant Secretary argues that class certification is improper because the plaintiff's claim is moot and because the class does not conform with the requirements of Rule 23 of the Federal Rules of Civil Procedure.[3] Several courts have certified classes composed of applicants for SSI disability benefits whose claims are denied on initial findings that no disability exists and who consequently seek a hearing decision within a reasonable time. Blankenship v. Secretary of HEW, supra; Barnett v. Califano, supra; White v. Mathews, supra; Cockrum v. Califano, supra. These courts have concluded that the classes comply with the requirements of the federal rules because the class is so numerous that joinder is impracticable, all the plaintiffs are seeking Social Security benefits through the identical administrative process, each plaintiff requested hearings after initial adverse rulings, each member *1366 of the class has endured long delays before a hearing and finally the defendant's conduct is taken against the class as a whole which makes injunctive or declaratory relief appropriate with respect to the class.
The second objection made by the defendant to certification is that the plaintiff is not a proper representative of the class. Subsequent to the filing of this action, the agency held a hearing and rendered a decision finding the named plaintiff Arelia Williams eligible for benefits. The defendant charges that the resolution of the plaintiff's case by the agency renders the issues in this suit moot. This Court must necessarily conclude that defendant's argument must be rejected in light of the holding in Sonsna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). In the latter case the Supreme Court acknowledged the possibility that special allowance may be necessary for claims that become moot after the institution of a suit. Sonsna v. Iowa, 419 U.S. 393, 402 n.11, 95 S.Ct. 553, 559 n.11, 42 L.Ed.2d 532 (1975). In fact, several courts have applied this principle to circumstances identical to the present case, recognizing that the "refusal to consider a class-wide remedy merely because individual class members no longer need relief would mean that no remedy would ever be provided for continuing abuses." Blankenship v. Secretary of HEW, 587 F.2d at 333. Therefore, this Court must acquiesce in the conclusion that the class members retain a real interest in this case and therefore the class action should "relate back" to the date of the filing of the complaint.[4]Sonsna v. Iowa, supra. Therefore, the plaintiff shall be certified as the representative of a class composed of all Missouri, Nebraska, Kansas, and Iowa applicants for SSI disability benefits who have not received, or will not receive a hearing decision within a reasonable time following their request for an administrative hearing. The remaining issue to be considered is whether the class is entitled to the relief requested by the class representative Arelia Williams.
The threshold issue presented by this class action is whether the plaintiffs are entitled to an order compelling the Secretary to hold administrative hearings and render decisions on applications for SSI benefits within a reasonable time. Although the Secretary has published certain regulations, their mere publication does not assure the enforcement of the regulations.[5]Sharpe v. Harris, 621 F.2d 530 (2d Cir. 1980). The defendant contends that relief is inappropriate because the delays in the administrative process are due to excessive caseloads and therefore do not constitute a violation of the Due Process Clause of the Fifth Amendment. Unfortunately the argument of the defendant clearly ignores the analysis of courts which have compelled the Secretary to hold hearings and issue decisions on applications for SSI decisions within a reasonable time. Rather than addressing the constitutional issues, courts have concluded that the defendant is required by the Social Security Act, 42 U.S.C. §§ 405(b) and 1383, and the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), to hold hearings within a reasonable time. Both of these statutes impose a statutory duty upon the agency to proceed within a reasonable time.[6]Blankenship v. Secretary of HEW, *1367 587 F.2d at 333-34; Caswell v. Califano, 583 F.2d at 15; Cockrum v. Califano, 475 F.Supp. at 1239. Therefore it is unnecessary to resolve the constitutional issue.
Inasmuch as it is well settled that the applicable statutes require the Secretary to provide hearings and issue hearing decisions within a reasonable time, the remaining question for this Court to determine is what relief is appropriate under the circumstances of this case. This Court agrees with the approach undertaken by the Sixth Circuit which ordered the Secretary to exercise his rule-making power by formulating rules and regulations establishing reasonable time limits for conducting hearings and issuing decisions. Blankenship v. Secretary of HEW, 587 F.2d at 336. However, in the event the Secretary fails to submit to this court for review within ninety days regulations establishing reasonable maximum time periods between hearing requests and hearing decisions,[7] then this Court will be forced to consider granting the relief requested by the plaintiff in this action. At that time, this Court also will set out the reporting requirements necessary to ensure that the defendant is complying with the mandate of this Court.
Accordingly, judgment will be entered for the plaintiff and the defendant shall respond to the order of this Court within ninety days of the date of this order.
NOTES
[1] Courts considering the question of whether the defendant Secretary is obligated to hold hearings and issue decisions within a reasonable time have upheld the exercise of mandamus jurisdiction pursuant to 28 U.S.C. § 1361, Sharpe v. Harris, 621 F.2d 530 (2d Cir. 1980); Barnett v. Califano, 580 F.2d 28 (2d Cir. 1979); White v. Mathews, 559 F.2d 852 (2d Cir. 1977) cert. denied 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978), or have found that the Social Security Act, 42 U.S.C. § 1383(c)(3) has conferred jurisdiction upon the courts, Blankenship v. Secretary of HEW, 587 F.2d 329 (6th Cir. 1978); Caswell v. Califano, 583 F.2d 9 (1st Cir. 1978); Cockrum v. Califano, 475 F.Supp. 1222 (D.C.D.C.1979). The latter courts reasoned that plaintiff's objections to the failure of the defendant Secretary to issue hearing decisions within a reasonable time had met the requirements of finality embodied in 42 U.S.C. § 205(g) even though they had not fully exhausted their administrative remedies. These courts came to this conclusion by following the principles enunciated by the Supreme Court in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975). In Mathews v. Eldridge, the court concluded that complete exhaustion is not necessary once an applicant has presented the claim for benefits to the agency, if the claimant has an important interest in having a dispute resolved immediately, and if the issues are collateral to the claim for benefits. These principles clearly apply to the facts of this case. The objection to administrative delay asserted by the plaintiff class does not pertain to the legitimacy of plaintiff's claim to SSI benefits and there is an important interest in having this issue resolved immediately. Therefore, this Court believes there is jurisdiction pursuant to 28 U.S.C. § 1361 and 42 U.S.C. § 1383(c)(3).
[2] The Seventh Circuit is the only Circuit that concluded that it would be inappropriate to order the Secretary to process claims for benefits within a specified maximum time. However, in Wright v. Califano, the Seventh Circuit was considering the processing of old age and survivors benefits under Title II of the Social Security Act and not the delay in processing applications for SSI disability benefits pursuant to Title VII of the Act. 587 F.2d 345 (7th Cir. 1978).
[3] In order to be properly certified as a class the plaintiffs must meet the requirements of Rules 23(a) and 23(b)(2). Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(b)(2) provides that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.
[4] The same situation has arisen in other courts considering the same issue presently before this Court. After the initial filing of the suit, the agency issued decisions for representatives of the class. In each instance the court allowed the certification of the class. Blankenship v. Secretary of HEW, 587 F.2d 329, 333 (6th Cir. 1978); White v. Mathews, 559 F.2d 857 (2d Cir. 1977).
[5] In fact, in a recent district court case, the Secretary cast doubt on his earlier assertion that the agency intends to enact final and binding regulations which would assure claimants of hearings and decisions within a reasonable time. In Blankenship v. Secretary of Health and Human Services, 532 F.Supp. 739 (W.D. Ky.1982) the court noted that "the defendant now takes the position that he no longer has the duty to publish rules and regulations providing for time limits ..."
[6] 42 U.S.C. § 1383(c) provides that "[t]he Secretary shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be an eligible individual." 5 U.S.C. § 555(b) provides that "within a reasonable time, each agency shall proceed to conclude the matter presented to it."
[7] In Blankenship v. Secretary of Health and Human Services, 532 F.Supp. 739 (W.D.Ky. 1982), the Secretary cast doubt on the possibility of the agency enforcing regulations previously proposed. The district court responded by holding that "it is the duty of the Secretary to publish and promulgate rules and regulations which shall provide that the maximum time between hearing requests and hearing decisions shall be 180 days, subject to exceptions which were specifically approved by the Court of Appeals for the Second Circuit in Barnett v. Califano, 580 F.2d 28 (1978). These exceptions are: a) the claimant or his representative causes a delay by his failure to provide information essential; b) the claimant or his representative request(s) a delay; c) the claimant or his representative fails to appear for a scheduled hearing; d) other action or omission directly attributable to the claimant or his representative." This Court agrees that the defendant is bound by case law to process decisions within a reasonable time. In addition, the guidelines outlined by the district court in Blankenship represent a reasonable accommodation of the parties' interests and therefore should be considered by the Secretary in the resolution of this case.