**Arelia WILLIAMS, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 81–1070C(2).**

United States District Court,
E.D. Missouri, E.D.

March 9, 1983.

J.L. Whaley, Legal Services of Eastern Mo., St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of the plaintiff for relief in light of the agency's failure to submit to this court for review regulations establishing reasonable maximum time periods between hearing requests and hearing decision. In view of the agency's failure to do so pursuant to this court's order of June 30, 1982, 541 F.Supp. 1360, the defendant will be ordered to provide the plaintiff in this action the following equitable relief:

First, the defendant is permanently enjoined and ordered to issue hearing decision on applications for Supplemental Security Income disability benefits, 42 U.S.C. § 1381 *et seq.*, within 180 calendar days of the claimant's filing of a request for administrative hearing.

Second, the above time limits may be extended only to the extent of the actual delay directly caused by one of the following six specified circumstances: (a) the claimant or his representatives cause a delay by his failure to provide information essential for adjudication of his claim; (b) the claimant or his representative requests a delay; (c) the claimant or his representative fails to appear for a scheduled hearing; (d) the administrative law judge determines that a consultative medical examination or additional medical evidence from a third party is required as a result of evidence adduced at the hearing, or in the course of post-hearing review; this evidence must be obtained with due diligence; (3) the delay is in some other way directly attributable to the action or omission of the claimant or his representative; (f) the case is reassigned after a hearing has been held as a result of the unavailability of the ALJ who held the hearing. In the event the parties wish to amend or change the above language, they shall submit their revisions within thirty days of the date of this order.

Third, the 180 time period shall commence to run on the date the defendant receives a formal written request for a hearing by the claimant or his representative; the passage of time shall be computed in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.

Fourth, the defendant is permanently enjoined and ordered to grant prospective interim payments to members of the plaintiff class who do not receive or have not received hearing decisions within the required time limits set out by this order. Interim payments will be in the monthly amount equivalent to the benefits to which the claimant would be entitled if he were found eligible under the Act. These interim payments shall commence no later than 15 days after the expiration of the time in which the claimant should have received a hearing decision. The payment of interim benefits shall cease either upon the mailing of a written decision by the ALJ which is unfavorable to the claimant, or upon the commencement of payment of benefits pursuant to a favorable decision. This order should not be construed to require retroactive disability benefits prior to the issuance of a favorable decision by an ALJ. If there is a favorable decision, interim benefits made pursuant to this order shall be deducted from the total retroactive amount awarded. If there is an unfavorable decision, the defendants shall have the right to recover interim payments made to the claimant, for which the claimant is found ineligible, pursuant to standard overpayment procedures. The defendant shall be required to make available these prospective interim benefits 60 days after the date of this order.

Fifth, interim payments required by this order shall be suspended if the claimant fails to cooperate by not attending a scheduled hearing, or by not attending a consultative examination, or by not obtaining any requested necessary evidence.

Sixth, the defendants shall report to the court every six months, beginning six months from the date of this order the following information: a) the number of ALJs processing applications for SSI benefits; b) the number of applicants; c) significant changes in the numbers of support personnel and the impact on the caseload; d) the steps the defendant has taken to reduce the time for processings of hearings; 3) the total number of cases on file, as compared with the number of cases on file at the end of the prior six month period; f) the number of cases completed within the required 180 day period, and the number of cases that have not been so completed and the reason for the failure to comply with the 180 day time limit; g) the number of cases in which interim payments have been made; and if the payments have not been made as ordered, the reason for the defendant's failure to do so and any efforts made to make such payments; and h) changes in eligibility requirements and their projected effect on the case load and their disposition.

Seventh, 60 days after the date of this order, defendants shall notify in writing any claimant requesting an ALJ hearing of his or her rights under this order. Written

notice may be given personally, or attached to the defendant's acknowledgement of the claimant's request for a hearing, and therefore, shall not require a separate mailing.

In the event that interim payments are made in accordance with this order, the payments shall be accompanied by a written notice informing the claimant that the benefits are interim and therefore subject to recoupment or offset. The parties shall provide this court with agreed upon language for the notices required by the seventh requirement within thirty days of the date of this order.