Curtis **MOSER**, Plaintiff,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Defendant.

**Civ. No. 83–4096.**

United States District Court, D. South Dakota, S.D.

March 1, 1984.

---

Karen A. Hattervig, Sioux Falls, S.D., for plaintiff.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge.

Before the Court is the Secretary's motion to remand this Social Security appeal to the Department of Health and Human Services, based upon the Department's inability to locate the transcript of the agency record which is required to be filed with the answer to claimant's complaint pursuant to 42 U.S.C.A. § 405(g). Claimant Moser resists this motion and seeks an order awarding him interim benefits if the Secretary's motion to remand is granted.

In a Memorandum Opinion and Order filed January 9, 1984, this Court denied claimant's previous motion for default judgment and his alternative motion for interim benefits pending the Secretary's answer to his complaint. At oral argument on claimant's motion, counsel for the Secretary in good faith assured the Court and claimant that the transcript was forthcoming from the Department so that an answer to the complaint could be filed immediately after its receipt. Two days after this Court's order was filed, the Secretary moved to remand because her counsel learned that claimant's agency file was indeed lost.

More than* nine months have elapsed since claimant filed his complaint on May 24, 1983. The Secretary's usual sixty-day period to answer was extended another sixty days by stipulation and order filed July 25, 1983. The instant motion for remand was filed almost four months after the Secretary's extended time for answer had expired.

I find no other alternative than to grant the Secretary's motion for remand to allow reconstruction of claimant's file so that his appeal may proceed in this Court. I further find that claimant is entitled to an award of immediate interim benefits on remand due to the Secretary's unreasonable delay of this appeal.

## I.

This Court has jurisdiction to award interim Supplemental Security Income (SSI) benefits under 42 U.S.C.A. § 1383(c)(3) (1983), which subjects the Secretary's final determinations on entitlement to SSI benefits to judicial review under the provisions of 42 U.S.C.A. § 405(g) (1983). Section 405(g) provides in part that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commencing within sixty days after the mailing to him of notice of such decision...." On December

30, 1982 an Administrative Law Judge (ALJL) issued his decision denying claimant's application for SSI, and on March 3, 1983 the Appeals Council denied his timely request for review. The denial of review by the Appeals Council constitutes the final decision of the Secretary. 20 C.F.R. §§ 416.1481, 422.210 (1982).

Even assuming that the need to reconstruct claimant's lost file makes the Secretary's denial of benefits nonfinal, several courts have found complete exhaustion of administrative remedies unnecessary under section 405(g) to impose prospective payment of benefits or time limits where the Secretary failed to hold hearings and issue decisions at the administrative level within a reasonable time. *Day v. Schweiker*, 685 F.2d 19 (2d Cir.1982), *cert. granted*, — U.S. ——, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983); *Caswell v. Califano*, 583 F.2d 9 (1st Cir.1978); *Williams v. Schweiker*, 541 F.Supp. 1360 (E.D.Mo.1982).

These courts premised section 405(g) jurisdiction on the principles of *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975). In *Mathews*, the Supreme Court held that once a claimant has presented an application for benefits to the agency, complete exhaustion is not required if the claimant demonstrates a need for prompt resolution of the dispute and if the issues are collateral to the claim for benefits. The case before this Court clearly meets both of these requirements; "[t]he objection to administrative delay asserted by the plaintiff ... does not pertain to the legitimacy of plaintiff's claim to SSI benefits and there is an important interest in having this issue resolved immediately." *Williams*, 541 F.Supp. at 1364 n. 1.[1]

## II.

The same principles allowing an award of interim benefits because of delay at the administrative level should also apply where, as here, the claimant faces unreasonable delay in the appeal of the Secretary's final decision denying benefits. The Minnesota District Court recently addressed this same issue in *LaBonne, et al. v. Heckler*, 574 F.Supp. 1016 (D.Minn.1983). In *LaBonne*, five Social Security claimants were awarded interim benefits pending the Secretary's answer to their complaints after the Secretary made untimely motions to remand to allow reconstruction of lost or incomplete agency files. *Id.*, at 1020.[2] I agree with the court's conclusion that "[t]he award of interim benefits is the only appropriate remedy in this situation" which merely serves "to preserve the status quo of [this] needy [claimant]." *Id.*

Accordingly, IT IS ORDERED:

(1) That the Secretary's motion for remand is hereby granted;

(2) That upon remand, and beginning no later than March 15, 1984, the Secretary shall certify for payment and shall pay to claimant Curtis Moser monthly interim benefits in an amount equal to what he would receive if found eligible for SSI benefits;

(3) That such monthly interim benefits shall cease upon the filing of the Secretary's answer and certified transcript;

(4) That if the Secretary's answer is filed in the middle of the month, claimant shall receive the full amount of benefits for the entire month;

(5) That if this Court determines on the merits that the Secretary's denial of benefits should be affirmed, the Secretary may recover the interim benefits paid to claimant through the overpayment and recoupment procedures in 20 C.F.R. § 416.537, *et seq.*

---

1. Because I find jurisdiction to award interim benefits under section 405(g), I need not determine, as have several other courts, that jurisdiction also exists under the mandamus provision of 28 U.S.C.A. § 1361. *See Sharpe v. Harris*, 621 F.2d 530 (2d Cir.1980); *Barnett v. Califano*, 580 F.2d 28 (2d Cir.1979); *White v. Mathews*, 559 F.2d 852 (2d Cir.1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978).

2. Jurisdiction was founded on both § 405(g) and the mandamus provision of 28 U.S.C.A. § 1361. *Id.*, at 1019 n. 1.