Fanny A. DE LA CRUZ–SADDUL,
Plaintiff,

v.

WAYNE STATE UNIVERSITY and J. Howard Binns, jointly and severally, Defendants.

Civ. No. 80–70208.

United States District Court,
E. D. Michigan, S. D.

Jan. 31, 1980.

Theodore F. Spearman, Cockrel, Cooper, Spearman & King, Detroit, Mich., for plaintiff.

Elmer L. Roller, Sharon R. Stack, Kenneth A. McKanders, Detroit, Mich. for defendants.

## OPINION ON REMAND

COHN, District Judge.

Plaintiff, a Detroit resident and a Phillipine citizen, participates in a plastic surgery residency program at Wayne State University Medical School. In her complaint, initially filed in the Wayne County Circuit Court and removed to this Court, 28 U.S.C. § 1441(b), by defendant University, she challenges disciplinary action taken against her by the School for an infraction of its rules.

Before the Court is a motion to remand to the Wayne County Circuit Court on the grounds there is no Federal question involved. The first count of plaintiff's complaint alleges equal educational opportunity violations of the Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101 *et seq.*; the second count alleges violation of due process rights under the 14th Amendment to the United States Constitution and its counterpart Article 1 § 17 of the Michigan Constitution.

■ Simultaneously with the motion to remand plaintiff filed a First Amended Verified Complaint which deletes any reference to the 14th Amendment in Count II. While it may be argued that plaintiff has no right to amend to defeat jurisdiction of the Federal court, *Johnson v. First Federal Savings and Loan Association of Detroit*, 418 F.Supp. 1106 (E.D.Mich.1976), the right to amend without leave since no answer has been filed is clear under Rule 15, Fed.R. Civ.P.

■ Therefore, as the case now stands there is no Federal right being asserted by plaintiff. Given this posture, it is within this Court's discretion whether or not the case continues in the Federal forum, *Watkins v. Grover*, 508 F.2d 920 (9th Cir. 1974); *Murphy v. Kodz*, 351 F.2d 163 (9th Cir. 1965).

■ Plaintiff is a resident of Michigan; she is enrolled in a state university; she claims to be aggrieved by action in violation of state law and the very constitution under which defendant university is chartered, Mich.Const.1963, art. 8, § 5. The Wayne County Circuit Court is the more appropriate forum for determination of her rights, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 59, 15 L.Ed.2d 58 (1966).

*Johnson v. Jumelle*, 359 F.Supp. 361 (S.D. N.Y.1973) is not to the contrary. There jurisdiction continued in the Federal Court under 28 U.S.C. § 1343(3). This cause should be remanded to the Wayne County Circuit Court, 28 U.S.C. §§ 1441(c), 1447(c).