Edward FLANNERY, Jr., Plaintiff,

v.

SECRETARY, HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 83–251.

United States District Court,
E.D. Kentucky,
Catlettsburg Division.

March 26, 1984.

William B. Mains, Northeast Kentucky Legal Services, Morehead, Ky., for plaintiff.

U.S. Atty. Louis DeFalaise, Asst. U.S. Atty. Karl Anderson, Lexington, Ky., for defendant.

MEMORANDUM OPINION
AND ORDER

WILHOIT, District Judge.

On October 10, 1983 the plaintiff, Edward Flannery, Jr., brought this action pursuant to 42 U.S.C. § 405(a) and § 1383(c)(3) to obtain judicial review of the final decision of the Secretary of Health and Human

Services denying Mr. Flannery's claim for Social Security disability benefits and for Supplemental Security Income benefits. The Secretary's motion for an extension of time to answer, filed on February 3, 1984, was granted over the plaintiff's objections, and gave the defendant until March 9, 1984 to file an answer. The Secretary's answer has not yet been filed.

There are two motions currently before this Court. The first is the defendant's motion to remand this case to the Secretary to allow the location or reconstruction of the plaintiff's claims file. The second is the plaintiff's motion for an award of interim benefits until such time as the Secretary files an answer.

This situation is certainly not unique. This Court, and probably most others, has been plagued by the government's constant delay in dealing with Social Security cases. Such delay causes problems for the court and undoubtedly works a hardship on the plaintiffs. The time is now ripe to attempt a cure.

The most practical solution to the problem appears to be that formulated by Chief Judge Miles W. Lord in *LaBonne v. Heckler*, 574 F.Supp. 1016 (D.Minn.1983). After two days of hearings to determine why the Secretary was so often unable to file timely pleadings, Judge Lord concluded that most of the government's problems in this regard were self-inflicted:

> It was the agency's own actions that set off this surge of filings. When the agency several years ago embarked on its massive program of culling its disability files, it should have foreseen that a tide of litigation would follow. The agency should have been prepared for this on-slaught of cases. Therefore, this Court finds that the statutory "reasonable time" requirements mandate that the agency answer each complaint within the normal 60 days allotted to it ...

*LaBonne*, 574 F.Supp. at 1020.[1]

Judge Lord then took notice of the necessity of prompt action to avoid irreparable harm to the health and well-being of the plaintiffs, and awarded interim benefits until such time as the defendant filed an answer.

Circumstances common to most Social Security disability cases make this an appropriate remedy. The Sixth Circuit Court of Appeals has noted on prior occasions that Social Security claimants often need benefits to meet their basic subsistence needs. *Ingram v. Richardson*, 471 F.2d 1268, 1271 (6th Cir.1972); *Webb v. Richardson*, 472 F.2d 529 (6th Cir.1972). As has been noted by so many people on so many occasions, justice delayed is often justice denied. If we cannot avoid all delay, at least we can mitigate some of its harsh effects.

Mr. Flannery's need for interim benefits is best shown by the fact that he was allowed to proceed *in forma pauperis* in filing this action. He is before the Court "asking not for a handout, but that the program serve the purpose for which it was designed." *LaBonne*, 574 F.Supp. at 1018. It is therefore incumbent upon the court system and the Department of Health and Human Services to provide the timely justice that citizens such as Mr. Flannery need and have a right to expect. If delay cannot be avoided, the Court will award interim benefits to help the plaintiffs meet their basic needs pending the final disposition of their claims.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

(1) That interim benefits shall be paid to the plaintiff monthly, in the amount equal to what the plaintiff would receive if found eligible for the benefits he is claiming;

(2) That the interim benefits shall cease upon the defendant's filing an answer to the complaint. In the event that the answer is filed in the middle of a month, the plaintiff will be entitled to full benefits for that month;

---

1. It is interesting to note that the Government's appeal in *LaBonne* was dismissed as untimely.

732 F.2d 161 (8th Cir.1984).

(3) That if in a final adjudication it is determined that the benefits paid were not due to the plaintiff, the same overpayment and recoupment procedures apply as are available to any recipient of benefits from the Social Security Administration;

(4) That the defendant's motion to remand this case to the Secretary of Health and Human Services is DENIED.