Samuel **GOMAZ, Jr., Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. 83–C–1759.

United States District Court, E.D. Wisconsin.

July 16, 1984.

David G. Dreis, Kenosha, Wis., for plaintiff.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court are the plaintiff's motions to amend his complaint and for interim benefits and the Secretary's motion for an extension of time in which to answer or otherwise plead. The Court has carefully reviewed the procedural record in this case and has considered carefully the positions of the parties with respect to the several petitions they have filed. Based on this analysis, the Court has determined that all of the pending motions should be granted.

## BACKGROUND

On October 24, 1984, the plaintiff filed his pro se complaint in this action, challenging the Secretary's determination of nondisability and seeking reversal of her decision to deny him supplemental security income benefits. By its *Order* of October 25,

1983, the Court granted the plaintiff leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a).

On January 23, 1984, Attorney David G. Dreis formally entered an appearance as counsel for the plaintiff in all further proceedings in this action. Along with his notice of retainer, Mr. Dreis filed the present motions to amend his client's complaint and for payment of interim disability benefits pending receipt of the Secretary's answer and a copy of the administrative record in this matter.

In support of his motion to amend, the plaintiff states that "justice so requires in order that all issues between the parties may be fully litigated in this action." Plaintiff's *Motion* (January 23, 1984). In his supporting affidavit, plaintiff's counsel notes that Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a pleading as a matter of course "at any time before a responsive pleading is served, and, upon information and belief, no responsive pleading has been served on plaintiff." *Affidavit* of David G. Dreis (January 23, 1984). The plaintiff has also filed a proposed amended complaint, setting forth the precise nature of his claim and alleging, among other things, that the Appeals Council's decision to reverse the Administrative Law Judge's finding of disability is not supported by substantial evidence. Plaintiff's *Proposed Amended* Complaint at 2 (January 23, 1984).

With respect to his motion for interim benefits, the plaintiff recounts in his supporting brief the procedural development of this case through the administrative process and argues, based on the hardship he continues to suffer since his application for benefits was first submitted some two years ago, that interim supplemental security income payments should be awarded since December 23, 1983, the date the Secretary's answer was due. The plaintiff succinctly explains his position as follows:

> This case raises the question of the appropriate remedies for the Secretary's failure to meet the 60-day deadline in providing a transcript and answer to the complaint in disability benefits cases. The Secretary's delay impose [sic] grave hardships on indigent claimants such as Mr. Gomaz. In light of these hardships, the burden on the Courts from logging dockets engendered by such delays; the mandates of the Social Security Act, the Administrative Procedures Act and the Due Process Clause in requiring the agency to act with reasonable promptness and empowering the district court to compel agency action unreasonably delayed; and the Secretary's own culpability for failing to prepare for an onslaught of court appeals in response to her program of dramatically reducing the disability rolls, this Court should grant Mr. Gomaz's motion for interim benefits.

Plaintiff's *Memorandum* at 3 (January 23, 1984).

In his analysis of the legal authority for the imposition of interim benefits payments, the plaintiff observes that events of the last several years have forced the federal courts to wrestle with the problems attendant on the Secretary's frequent delays in administering social security claims such as the present. In this context, the plaintiff argues that "approval of interim benefits in response to unreasonable delays at virtually every other stage of the disability application and adjudication process ... supports the award of interim benefits here." Plaintiff's *Memorandum* at 6 (January 23, 1984).

Among the persuasive authority he cites for the proposition that delays in receipts of benefits prompted by the Secretary's inaction may be fundamentally unfair and unconscionable is *LaBonne v. Heckler*, 574 F.Supp. 1016 (D.Minn.1983). In that case, cited *infra* at 1127, five plaintiffs seeking review of denials of their disability benefits claims were awarded interim payments in the wake of the Secretary's failure to file timely answers and her interposition of motions to remand for further proceedings because of lost or inaudible tapes or incomplete files. The upshot of the plaintiff's argument is that here, as in *LaBonne*, an award of interim benefits

would not only answer his request for immediate relief but would do so in a manner that neither undermines the broad purposes of the social security laws nor compromises the substantive merits of the positions of the parties. Plaintiff's *Memorandum* at 4–5, 7 (January 23, 1984).

Appended to the brief in support of this pending motion are copies of the administrative decisions rendered by the Administrative Law Judge and the Appeals Council and the affidavit of the plaintiff himself, who notes that his monthly AFDC support payments have not proven sufficient to meet his family's basic daily needs for food, clothing, housing, utilities, and household items. The plaintiff also notes that he has now waited some two years since filing his application for disability benefits in March of 1982. *Affidavit* of Samuel Gomaz, Jr. (January 19, 1984).

To date, the Secretary has responded to neither the plaintiff's motion to amend his complaint nor to his petition for interim benefits. Instead, on February 29, 1984, she filed an answer to the complaint, accompanied by a certified copy of the administrative record, and the pending motion for an extension of time. Although by its language that motion seeks "entry of an order extending the time within which the government may file its *motion for summary judgment* ... up to and including today's date," the Court assumes that the request for an enlargement is actually made with respect to the answer filed on the same day, particularly since a briefing schedule on summary judgment motions has yet to be established. *See* Defendant's *Motion* (February 29, 1984) (emphasis supplied).

In support of her petition for an extension of time, the Secretary has provided the Court with the affidavit of Mr. Judson B. Fisher, the Acting Chief of Branch II of the Division of Civil Actions for the Office of Appeals Operations of the Office of Hearings and Appeals. As the individual responsible for processing claims under Titles II and XVI of the Social Security Act when civil actions are filed in the State of Wisconsin, Mr. Fisher has examined the claim file of the plaintiff in this case and reports, among other things, that the Office of Hearings and Appeals was first advised of the initiation of this action by the United States Attorney on November 4, 1983, and that three days later, on November 7, 1983, the Case Analysis and Assignment Section, which functions as a coordinating unit for all parts of the Civil Actions Branch, requested the official files of the case from the Docket and Files Section. On November 9, 1983, after securing the files, the Case Analysis and Assignment Section retrieved the tape of the plaintiff's oral hearing and forwarded it to a private contractor for transcription.

Mr. Fisher further states that some two months later, the contractor returned a typed transcript to the Section, which then forwarded it and the plaintiff's claim files to Section II of the Civil Actions Branch. On January 19, 1984, the Office of the General Counsel was formally requested to defend the case on the record—a request confirmed by written memorandum on January 23, 1984. By January 31, 1984, the Court Records Section of the Civil Actions Branch, the office responsible for the physical preparation of the administrative record, had completed its examination of the documents in the plaintiff's file. On the same date, the Civil Actions Branch certified the record, and six copies were prepared for the various parties and components of the Social Security Administration with an interest in this case.

The clear import of Mr. Fisher's detailed affidavit is that the physical preparation of the administrative record alone consumed over three months of time, thus precluding an answer by the Secretary within the sixty-day period prescribed by Rule 12(a) of the Federal Rules of Civil Procedure. To date, the plaintiff has not responded to the Secretary's motion for an extension of time.

As suggested by the Court's description of both the procedural development of this matter and the present positions of the parties, resolution of the pending motions

turns in large part on an assessment and balancing of the human interests at stake.

## DISCUSSION

■ As plaintiff's counsel has accurately noted, Rule 15(a) of the Federal Rules of Civil Procedure plainly allows a party to amend his pleading once as a matter of course at any time before a responsive pleading is served. *See* Fed.R.Civ.P. 15(a); *De La Cruz-Saddul v. Wayne State University*, 482 F.Supp. 1388, 1389 (E.D.Mich. 1980). Since the present request to file an amended complaint was made approximately one month before the Secretary filed her answer, the Court will grant the plaintiff's motion to amend his complaint. Under the present circumstances, the Court agrees with counsel for the plaintiff that the interests of justice would be promoted if the plaintiff were now to proceed with the prosecution of his claim as it is stated in his amended complaint.

An interest in promoting the ends of justice also compels the Court to grant the related motions of the plaintiff for interim benefits and of the Secretary for an extension of time in which to file her answer. As the plaintiff states in his memorandum in support of the former, Rule 55(e) of the Federal Rules of Civil Procedure provides a party in his position with little opportunity for redress since, according to that rule, no judgment by default may be entered against an officer of the United States "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.P. 55(e). Establishing his right to reversal of the Secretary's decision denying him benefits would prove problematic, at best, in the absence of the very administrative record upon which the ruling being challenged was based. Moreover, 42 U.S.C. § 405(g) suggests that the Court's power to enter judgment affirming, modifying, or reversing the decision of the Secretary may be exercised only "upon the pleadings and transcript of the record." Absent that record and the answer accompanying it, the Court's ability to grant any such relief would be limited considerably.

■ For these reasons, the Court is of the view that the Secretary's filing and service of her answer along with the record of the administrative proceedings in a matter such as this is critical to a successful prosecution and defense of the parties' claims. Accordingly, the Court will grant the Secretary's motion for an enlargement of time up to and including February 29, 1984, the date on which her answer was, indeed, filed and served.

At the same time, the Court feels strongly that the plaintiff, who has already spent some two years prosecuting his claim before this Court and the various administrative units of the Social Security Administration, should not suffer the consequences of a delay in no respect occasioned by his own action or inaction. In this context, the Court notes, as has the plaintiff, that Secretary-inspired delays at all stages of the adjudicative process have become the seedbed for an entire body of caselaw in which frustrated social security applicants, beleaguered administrative agencies, and overburdened courts are at loggerheads. *See e.g., White v. Mathews*, 559 F.2d 852, 854 (2d Cir.1977) (addressing the "galacial pace at which the Social Security Administration (SSA) has adjudicated claims to disability payments"); *Wright v. Califano*, 587 F.2d 345, 347 (7th Cir.1978) (examining the due process implications of "long delays at each step of the appeals process"); *Barnett v. Califano*, 580 F.2d 28, 31 (2d Cir.1978) (citing *White* for the proposition that the Congressional decision "not to impose precise time limits should not be interpreted as an endorsement of ... delays"); *Sharpe v. Harris*, 621 F.2d 530, 531 (2d Cir.1980) (noting the "irreparable harm suffered by members of the plaintiff class who encounter unreasonable delays in gaining consideration of their applications").

Admittedly, the precise holdings of several of these cases and their progeny might well require reconsideration in the wake of the recent decision of the United States Supreme Court in *Heckler v. Day*, —— U.S. ——, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), striking down an injunction in favor of a

statewide class of applicants requiring the Secretary to issue reconsideration determinations and to conduct hearings within prescribed time periods. Yet Justice Powell's opinion in that one case has not solved the practical, administrative problems with which the district courts continue to wrestle under circumstances like the present. Until such time as the Congress or the Secretary herself decides to take some broad-based remedial action in response to the "tremendous number of Social Security appeals nationwide," *LaBonne v. Heckler*, 574 F.Supp. 1016, 1018 (D.Minn.1983), disgruntled applicants like the present plaintiff will rightly seek relief through the adjudicative process, and the trial court judges will be required to fashion remedies as they see fit.

■ In this undertaking, they are well-advised to note the heavy burden the Secretary now shoulders in responding to the tens of thousands of social security appeals currently pending in the federal courts—a burden the magnitude of which is only suggested by Mr. Fisher's detailed affidavit recounting the process for assembling an administrative record. On the other hand, the mere fact that the Secretary may be doing her best to accommodate this unprecedented flood of cases does not eliminate her duty to each and every claimant to act with reasonable speed. As Judge Miles W. Lord recently observed in response to circumstances much like the present:

> The agency still must fulfill its legal obligations to others [citations omitted]. Both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), impose a statutory duty upon the agency to proceed within a reasonable time. The Social Security Act instructs the Secretary to make "decisions as to the rights of any individual applying for a payment" of benefits with "reasonable notice and an opportunity for a hearing." 42 U.S.C. § 405(b). The Administrative Procedure Act provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives

> and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b), and that the reviewing court "shall ... compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

> It was the agency's own actions that set off this surge of filings. When the agency several years ago embarked on its massive program of culling its disability files, it should have foreseen that a tide of litigation would follow. The agency should have been prepared for this onslaught of cases.

*LaBonne v. Heckler*, 574 F.Supp. 1016, 1019–1020 (D.Minn.1983).

■ While this Court alone cannot remedy what has plainly become a significant problem for courts across the nation, it can and will follow the example set by Judge Lord in *LaBonne* by awarding interim benefits in this case for the period of time from December 23, 1983, when the Secretary's answer was due, to February 29, 1984, when it was, in fact, filed. As in *LaBonne*, today's decision is not to be construed as a punitive action against the Secretary but is intended, instead, to effect a retroactive preservation of the status quo for those weeks when the progress of this litigation was stymied.

The Court fully recognizes that its decision to grant the plaintiff interim benefits for the limited two-month period described above does not provide him with anything approaching the complete relief he seeks by his amended complaint. Such a grant, if appropriate, must await another day. However, to expedite some final resolution of this matter, the Court will establish a schedule for the briefing of summary judgment motions to be filed and served simultaneously by the parties. Once those motions are fully briefed, the Court will undertake substantive review and consideration of the parties' positions and issue an order disposing of the plaintiff's two-year-old claim.

## CONCLUSION

For the reasons stated herein, the Court hereby:

1. **GRANTS** the plaintiff's motion to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure;

2. **GRANTS** the plaintiff's motion for interim payments in a total amount equivalent to what the plaintiff would receive if found eligible for the supplemental security income benefits he is claiming for the period from December 23, 1983, to February 29, 1984. If the Court ultimately determines that the plaintiff is not entitled to receive such benefits, the standard recoupment procedures applicable in any case in which overpayments are made shall be available to the Secretary.

3. **GRANTS** the Secretary's motion for an extension of time up to and including February 29, 1984, in which to answer the complaint and file a copy of the administrative record. As stated herein, the Secretary's answer and the accompanying record are already a part of this case file.

4. **ESTABLISHES** the following schedule for the filing and service of the parties' summary judgment motions:

   a. The parties' simultaneous summary judgment motions, accompanied by supporting briefs, shall be filed and served by **Wednesday, October 3, 1984.**

   b. Simultaneous responses to the parties' motions shall be filed and served by **Friday, November 2, 1984.**

   c. Replies, if appropriate, shall be filed and served by **Thursday, November 22, 1984.**