**Charles MILLS, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 84 Civ. 3555.**

United States District Court, S.D. New York.

Oct. 16, 1984.

The Legal Aid Soc., New York City, for plaintiff; Olive L. Clark, Conrad A. Johnson, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Neal S. Mann, Sp. Asst. U.S. Atty., New York City, of counsel.

OPINION AND ORDER

CONNER, District Judge.

Plaintiff Charles Mills ("Mills") brought this action pursuant to 42 U.S.C. § 1383(c)(3), seeking review of a decision by the Secretary of Health and Human Services ("the Secretary") to deny him social security benefits. The complaint was served on May 25, 1984 and the Secretary's answer, together with an administrative transcript, was due on July 24, 1984. Rule 12(a), F.R.Civ.P.; 42 U.S.C. § 405(g). On June 28, 1984 the Secretary moved for a sixty-day extension of time to answer. Over plaintiff's objection, the Court granted the Secretary's motion; it also declined to order the Secretary to pay plaintiff interim benefits. The matter is now before the Court on the Secretary's motion for a second sixty-day extension, which would bring to six months the period between plaintiff's service of the complaint and the Secretary's answer. Plaintiff objects once again

to an extension, and renews his request for interim benefits. For the reasons set forth briefly below, the Court extends the Secretary's time to answer to November 24, 1984, and orders the Secretary to pay plaintiff benefits from the date her answer was due to the date her answer is filed.

*Discussion*

In support of her motions for a first and second extension, the Secretary has repeatedly cited the administrative difficulties involved in compiling the relevant documents. She has noted the "limited resources of the Social Security Administration in relation to the large volume of cases it must handle," and has indicated that "it normally takes approximately 90 to 120 days from the date of service" for preparation of the record. Mann Aff. at ¶ 8. Regrettably, the Secretary has not attempted to detail for the Court the progress it *has* made in preparing the record during the past several months, or to explain why this record should take longer than the "normal" period to compile. Nonetheless, plaintiff cannot deny the existence of severe administrative burdens upon the agency; indeed, the plight of the Social Security Administration has recently been the subject of considerable congressional attention and public debate, and it is well known to the Court.

Plaintiff has argued that the request for a second extension is unreasonable, that "the agency is not without fault in creating the factors that perpetuate delays," and that it should have been prepared for the onslaught of litigation it fostered by its own policies. Pl.Mem. in Opposition to First Extension at 8. However, the Court is not concerned at this juncture with laying the blame for these delays on any particular individual or policy, nor is it concerned with penalizing the Social Security Administration for what plaintiff perceives

to be a "flagrant abuse" of the leniency previously shown by district courts in these circumstances. For this reason, the Secretary's motion for a second extension of time to answer is granted.

The Court is interested, on the other hand, in balancing against the Secretary's concerns the needs of a claimant whose statutory right to a speedy review has been substantially eroded, and in providing the Secretary with every incentive to proceed as expeditiously as possible. Plaintiff asserts that the Court can appropriately accommodate these interests by awarding interim benefits, and he has cited in support of his position several cases in which district courts have made similar provisions.

The most widely cited of plaintiff's authorities is *LaBonne v. Heckler*, 574 F.Supp. 1016 (D.Minn.1983), wherein the district court granted interim benefits to a claimant whose appeal languished for eight months because the Secretary could not locate the hearing tapes and therefore could not compile a record for review. The court observed that the agency had done its best to keep up with an unprecedented flood of cases, but that it was not thereby excused from its "duty to each and every claimant to act with reasonable speed" *Id.* at 1019. The court concluded that "[n]o one—even if not entitled to benefits for which they have applied—should be expected to endure a process so cumbersome and full of delays." *Id.* at 1018. Noting that an applicant for disability benefits typically has no resources to meet minimum subsistence needs and that such an individual may require immediate assistance to prevent irreparable harm to his well-being, the court concluded that the payment of interim benefits would preserve the needy applicant's *status quo*, and was an appropriate exercise of its discretion to formulate equitable remedies.[1] The court ordered that interim

---

1. The Secretary does not deny that plaintiff, who allegedly suffers from severe cervical fusion, arthritis, hypertension, an ulcer, shortness of breath and bronchitis, is in a difficult financial position. The affidavit he submitted in support of his petition to proceed *in forma*

*pauperis* indicates that as of May 1984, he was receiving $661 monthly in company disability benefits and Worker's Compensation, and that he had less than $25 worth of cash or property. He had moved in with a friend after losing all of his furnishings because he could not pay a

payments be made in an amount equivalent to what the claimant would receive if ultimately found eligible, and that the payments cease upon the filing of an answer. Further, the court provided that if the claimant were ultimately found ineligible, the Secretary could utilize its overpayment and recoupment procedures to recover the amounts paid.

The same approach has been followed by other district courts. In *Gallo v. Heckler*, No. 83 Civ. 4305, slip op. (E.D.N.Y. May 18, 1984), for example, the court awarded interim benefits, recognizing that such an award "protects the rights of claimants who, through no fault of their own, have been deprived of their right to a timely appeal from the denial of benefits." *Id.* at 2–3. In the most recent case cited by plaintiff, *Gomaz v. Heckler*, 591 F.Supp. 1122 (E.D.Wis.1984), the district judge ordered payment of interim benefits, retroactive to the date the Secretary's answer was due, to effect "a retroactive preservation of the status quo for those weeks when the progress of [the] litigation was stymied." *Id.* at 1127.

The Secretary raises several objections to the Court's granting plaintiff interim benefits in this case. She argues, first, that the Court is without authority to order interim benefits because payments are permitted under 42 U.S.C. § 405(i) only upon a "final decision" by the Secretary or a "final judgment" by a court that a claimant is "entitled" to benefits. The Secretary asserts that there is no entitlement to benefits unless the claimant is under a disability and has satisfied the other criteria set forth in the relevant statutory provisions. Since no such findings have been made with regard to Mills, the argument continues, an award of interim benefits would violate the statutory prohibition.

While there is some logic to this argument, it will not carry the day for the Secretary. The Court notes, first of all, that in *Saunders v. Schweiker*, 508 F.Supp. 305 (W.D.N.Y.1981), the case cited by the Secretary in support of her position, the

district court did not conclude that it was without authority to grant interim benefits. Rather, the court expressly declined to decide the question because it was remanding the matter to the Secretary. Moreover, in *White v. Mathews*, 559 F.2d 852 (2d Cir. 1977), the Court of Appeals for the Second Circuit ruled that 42 U.S.C. § 405(i) was no bar to an award of interim benefits where claimants were subjected to protracted delays at the administrative hearing stage. The court stated:

> This section is plainly directed at the ordinary situation in which payments become due after favorable administrative adjudication, or judicial review under § 405(g). We do not read § 405(i) as excluding the possibility of interim payments ordered by a court exercising its remedial power.

The Secretary has also presented an alternative argument that some of the cases cited by plaintiff are factually distinguishable from the instant case because they involve interim payments during a remand period while this case involves payment during the Secretary's time to answer the complaint in the district court. Def.Mem. at 3. This argument is neither correct nor persuasive. Defendant directs the Court's attention to *LaBonne, supra,* stating that the court there awarded interim benefits pending a decision on remand. In *LaBonne*, the Secretary moved that several cases be remanded for further proceedings because of lost or inaudible tapes. Plaintiffs opposed the motion and requested that interim benefits be paid pending the filing of the Government's answers. The court ordered that the agency make such interim payments, and that the payments "cease upon the agency's filing of an answer to the complaint." 547 F.Supp. at 1020. Thus, it appears that *LaBonne* is factually indistinguishable from this case. Moreover, other courts have followed *LaBonne*. In *Gomaz v. Heckler, supra,* for example, the district court for the Eastern District of Wisconsin entered an order for payment of

storage bill. Ex.A. to Pl.Mem. in Opp. to First Extension.

interim benefits identical to that requested here.

A number of the authorities plaintiff cites do indeed involve interim payments during a remand period, and thus the Secretary's argument is not entirely baseless. However, the Secretary has drawn a distinction without establishing a meaningful difference. Nowhere does she offer any legal or practical basis for denying plaintiff's motion on this ground, and it may well be that the only difference between this case and the remand cases is that the Secretary has not yet conceded that the record here is lost. The Government does say that the period between a complaint and answer is "comparatively brief," and that payment of interim benefits will impose an administrative burden on the agency. Def.Mem. at 3. While this Order may well impose some burden on the agency, the Court has already concluded that it must consider as well the interests of a needy claimant in a prompt review of the agency's denial of benefits. Having reviewed plaintiff's authorities, some of which involve eight-month delays in the filing of an answer, and having been provided with no progress report on the compilation of an administrative record for review of plaintiff's claim, even after four months have passed, the Court cannot agree with the Secretary's assessment of this delay as "brief," nor can it share her confidence that an answer will soon be forthcoming. The Court can hope, however, that its Order will provide the agency with any necessary incentive to proceed expeditiously.

█ For the foregoing reasons, the Court grants the Secretary's motion for a second extension of her time to answer, and also grants plaintiff's request for payment of interim benefits for the period commencing on July 24, 1984, the date the Secretary's answer was due, and continuing until such answer is filed. Payment shall be made at a rate equal to that at which plaintiff will be compensated if found eligible. If the Court ultimately determines that the plaintiff is not entitled to receive such benefits, the standard recoupment procedures applicable in any case of overpayment shall be available to the Secretary.

SO ORDERED.