**Ruby M. BROOKS, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–358.**

United States District Court, E.D. Kentucky, Lexington Division.

Feb. 19, 1985.

J. Lee Oliphant, Central Kentucky Legal Service, Lexington, for plaintiff.

Louis De Falaise, U.S. Atty., E.D. Kentucky, Lexington, for defendant.

---

**ORDER**

WILHOIT, District Judge.

This case is before the Court on objections to the Magistrate's report and recommendation regarding an award of interim benefits to the plaintiff. The Secretary's memorandum cites many authorities as to why this Court cannot order such an award. The Court, however, consistent with its prior rulings in *Flannery v. Secretary of Health and Human Services*, 583 F.Supp. 347 (ED KY.1984) and *Lewis v. Heckler (Secretary of Health and Human Services)*, 605 F.Supp. 9 (ED KY.1984) does not consider the objections well-taken.

This case is a perfect example of how the Secretary is not filing pleadings in good faith in this Court pursuant to the dictates F.R.Civ.P. 11. It has been represented to this Court that the reason the Secretary could not timely file her answer and transcript was because the administrative hearing tape was "inaudible." This "inaudibili-

---

ty" excuse has cropped up in numerous cases, but because of certain recent events, the Court is seriously concerned that the excuse has been interposed solely for the purposes of delay.

In another social security case filed on this docket, *Michael E. Fore v. Secretary of Health and Human Services,* No. 83–173, a plaintiff in desperation to get the Secretary to file an answer and transcript, moved for a remand and de novo hearing before the Secretary even after this Court had awarded interim benefits to compel the Secretary to file her answer. The Secretary's response to the remand motion was that the tape was inaudible, and therefore a remand was necessary. The Court found good cause existed to remand the case and so ordered. Recently, however, the Secretary filed a motion to redocket that case saying the tape in fact was not as inaudible as previously represented. The Secretary then tendered an answer and transcript of the administrative proceedings in this Court. That case has been pending for over one and one-half years on this docket, and the Secretary is just now admitting the tape was not in fact inaudible.

Likewise in this case, on April 16, 1984, the Secretary represented to the Court that the administrative tape was inaudible and moved for a remand. This Court, in order to find out for itself whether the tape was in fact inaudible, ordered that the United States Magistrate listen to the tape to determine its audibility. The Magistrate's Memorandum Opinion and Order filed November 29, 1984 confirms what this Court feared all along, that the Secretary's excuse that answers and transcripts could not be timely filed because tapes are inaudible is just that—an excuse.

To say the least, this Court's patience has been more than exhausted. This action was filed November 18, 1983, it has been pending for almost one and a half years. The Secretary just recently filed her answer and transcript in this case on January 4, 1985, in response to the Magistrate's Order to do so by January 15, 1985. Her undue delay in filing a transcript, however,

is inexcusable especially in light of the Sixth Circuit Court of Appeal's opinion in *Webb v. Richardson,* 472 F.2d 529, 538 (CA 6 1972).

Because of her recent filing of an answer and transcript, the Court cannot in this case adopt the report and recommendation with regard to an award of interim benefits. The Court notes, however, it would not have hesitated to make such an award if the Secretary had not so promptly filed.

The Court, nonetheless, takes this opportunity to put the Secretary and her counselors, the United States Attorney's Office, on notice that its "excuse" of inaudible tapes are no longer credible in this Court. Respect for this Court's orders as well as the requirements of F.R.Civ.P. 11 will hereinafter be strictly enforced. Interim Benefits as well as other equitable remedies including remedies directly against the Attorneys, the Secretary's staff or the Secretary herself pursuant to F.R.Civ.P. 11 will be awarded should there continue to be inordinate delays in social security appeals on this docket.

Accordingly, IT IS ORDERED that the Magistrate's Report and Recommendation be, and same is OVERRULED as moot with regard to the award of interim benefits although the Court strongly approves the reasoning of the recommendation.