Manjit SINGH, et al., Plaintiffs,

v.

David N. ILCHERT, District Director, Immigration and Naturalization Service; and Faye Lothridge, Director, Office of Refugees, Asylum and Parole, Defendants.

No. C–91–1792–DLJ.

United States District Court, N.D. California.

Jan. 3, 1992.

Jonathan M. Kaufman, with the law firm of Alan Kaufman, San Francisco, Cal., for plaintiffs.

Alberto E. Gonzalez, Sp. Asst. U.S. Atty., San Francisco, Cal., for defendants.

## ORDER

JENSEN, District Judge.

On December 11, 1991, this Court heard defendants' renewed motion to dismiss. Jonathan M. Kaufman appeared for plaintiffs. Alberto E. Gonzalez appeared for defendants. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court GRANTS defendants' motion.

## I. BACKGROUND

This is an action seeking declaratory and injunctive relief brought against David Ilchert, District Director of the Immigration and Naturalization Service ("INS"), and Faye Lothridge, Director of the Office of Refugees, Asylum and Parole ("ORAP").[1] Plaintiffs are a group of forty-three aliens who, between April 18, 1991, and June 7, 1991, filed applications for temporary employment authorization pursuant to 8 C.F.R. § 274a.12(c)(8) while awaiting final decisions on their applications for asylum. The basic premise of the present action is

that the INS has unreasonably and unlawfully delayed in adjudicating plaintiffs' employment applications.

■ On April 1, 1991, the INS moved its Asylum Unit from its San Francisco District Office on Sansome Street to a "suboffice" located on Mission Street in San Francisco. Prior to that time, plaintiffs claim that the INS generally adjudicated applications for employment authorization the same day they were received, and usually within a matter of hours. This process is arguably streamlined with respect to asylum applicants because when a request for work authorization is made in conjunction with or while an application for asylum is pending, the alien applicant is entitled to work authorization for the period of pendency so long as the application for asylum is nonfrivolous. *Alfaro–Orellana v. Ilchert*, 720 F.Supp. 792, 796–98 (N.D.Cal. 1989) (citing 8 C.F.R. § 274a.12(c)(8), (13)). Thus once a determination of "nonfrivolousness" has been made with regard to the asylum application, then the grant of employment authorization becomes effectively automatic.

After the move in April 1991, however, plaintiffs claim that the INS has been taking up to eight or nine weeks to process and adjudicate applications made by aliens seeking asylum, while aliens seeking other, "non-asylum" immigration benefits continue to have their applications decided almost immediately. Plaintiffs thus contend that defendants are discriminating between classes of aliens and that defendants have no justification for their tardy actions in that nearly all employment applicants other than those also applying for asylum continue to receive prompt consideration of their employment applications. Plaintiffs allege that the delays are caused, in part, by the INS' failure to promptly pick up its mail and the fact that the San Francisco asylum office is woefully understaffed.

---

1. The ORAP was created by the INS in October 1990 to provide an additional means for pursuing asylum applications. *See* 55 Fed.Reg. 30680 (July 27, 1990). Within the ORAP are a class of Asylum Officers who are charged with adjudicating asylum applications and related applications for employment authorization. *See* Declaration of Faye Lothridge ¶ 2 (filed June 19, 1991).

Plaintiffs contend that defendants have not performed their statutory duty under 5 U.S.C. § 555(b) by failing to adjudicate plaintiffs' temporary employment applications within a reasonable time.

The Court previously heard plaintiffs' motion for a preliminary injunction and defendants' cross-motion for dismissal. In a June 25, 1991 Order the Court denied the motion for preliminary injunction and deferred ruling on the cross-motion to dismiss.[2] Defendants now renew their motion to dismiss. Defendants first argue that the case is moot. Defendants also argue that they are adjudicating the applications within the time period permitted by regulation under 8 C.F.R. § 274a.13(d), and are therefore acting within a reasonable time— not in violation of § 555(b).

## II. LEGAL STANDARD FOR DISMISSAL

■ The primary objective of the legal system is to obtain a determination on the merits rather than a dismissal based on pleadings. Accordingly, motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), are generally viewed with disfavor. The Supreme Court has held that a complaint should not be dismissed unless it appears "beyond doubt" that plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Thus, the question presented by a motion to dismiss is not whether plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (citation omitted). Even if the face of the pleadings indicates that the chance of recovery is remote, the Court must allow plaintiff to develop his or her case at this stage of the proceedings. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

## III. DISCUSSION

### A. *Dismissal as Moot.*

■ It appears that the INS has already adjudicated and approved all of the 43 applications serving as the basis for the present action. Thus the INS claims that plaintiffs' complaint for injunctive and declaratory relief is moot and should be dismissed. Plaintiffs argue first that their asylum applications are still pending and that their current period of employment authorization will expire before the asylum determination is made. Thus they will have to apply for extensions of employment authorization and will again be subject to the delay complained of.

Plaintiffs also argue that the injury complained of falls within two well recognized exception to the mootness doctrine: (1) voluntary cessation of a wrongful act will not render an action moot where the conduct will likely recur (*United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)); and (2) an action is not moot where the defendant's conduct is capable of repetition, yet evading review (*Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)).

As the Court stated at the hearing, it is likely that individual plaintiffs will again participate in the application process giving rise to this action. Thus the action is not moot.

### B. *Dismissal for failure to state a cognizable cause of action.*

Plaintiffs allege that defendants' delay in processing and adjudicating employment authorization applications is unreasonable in violation of the Administrative Procedure Act ("APA") 5 U.S.C. § 555(b). Section 555(b) provides that an administrative

---

**2.** The June 25, 1991 Order erroneously reflected that the cross-motion to dismiss was denied instead of deferred. Given the intent of the Court to defer ruling, the Order was amended on November 22, 1991.

agency must conclude a matter presented to it "within a reasonable time." Plaintiffs claim delay in various aspects of the application process. First, plaintiffs claim that the INS takes eight to nine weeks to process employment authorization applications whereas other analogous applications are processed by the INS within hours. Second, plaintiffs claim that the INS does not pick up the applications from the post office in a timely fashion. Third, plaintiffs argue that the San Francisco asylum office is understaffed while other offices within the INS are adequately staffed.

The INS argues that despite plaintiffs' complaints of delay, the INS is processing the applications within the time period set by federal regulation. The regulation provides:

> The district director shall adjudicate the application within 90 days from the date of receipt of the application by the [INS]. Failure to complete the adjudication within 90 days will result in the grant of an employment authorization document for a period not to exceed 240 days.

8 CFR § 274a.13(d).[3] The INS argues that not only is it adjudicating applications within ninety days, it is actually issuing the employment authorization cards within ninety days—something not required by the regulations.

Plaintiffs do not dispute that the INS is adjudicating applications within ninety days of receipt. They argue, however, that § 274a.13(d) does not control the time period in which applications must be processed. Plaintiffs claim that § 274a.13(d) is a regulation which provides for interim employment authorization *only* and that it does not establish an arbitrary period in which the INS may delay adjudication without reason. Plaintiffs contend that 5 U.S.C. § 555(b) controls the time period within which the INS must adjudicate applications. Under § 555(b), plaintiffs claim that the INS may only take the time reasonably necessary for adjudication.

### 1. Application of Administrative Procedure Act.

As an initial matter, the Court must consider whether the requirements of the APA apply to the defendants in this case. It has been held that the "reasonable time" requirement of § 555(b) can provide the basis for a cause of action against the INS for delay in processing applications. *Fraga v. Smith*, 607 F.Supp. 517, 521 (D.C.Or.1985) (plaintiff stated cause of action under § 555(b) where INS failed to process applications for certificates of citizenship within a reasonable time). However, a recent United States Supreme Court opinion calls into question the applicability of the APA to INS conduct.

In *Ardestani v. I.N.S.*, —— U.S. ——, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991), the Supreme Court considered whether a prevailing party in a deportation proceeding could recover attorneys fees pursuant to the Equal Access to Justice Act ("EAJA"). The EAJA provides for fees in an adversary adjudication as defined by § 554 of the APA. The issue was whether a deportation adjudication, conducted pursuant to the Immigration and Nationality Act ("INA") of 1952, was governed by the definitions and provisions of APA § 554. The Supreme Court held that it was not. *Id.* 112 S.Ct. at 521. The Supreme Court relied on its earlier decision in *Marcello v. Bonds*, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 (1955), holding that Congress intended the provisions of the INA to supplant the APA in immigration proceedings. *Id.* 112 S.Ct. at 518–519.

Although *Ardestani* addresses a different section of the APA than the section at issue here, it calls into question the applicability of the "reasonable time" requirement to the INS in processing applications for employment authorization. However, the Court need not resolve the question given the discussion below. Thus the Court will assume arguendo that the requirements of § 555(b) apply to the defendants in this case.

---

**3.** When this action commenced § 274a.13(d) provided a 60 day period in which the INS was directed to adjudicate applications. The regulation was amended, effective November 21, 1991, expanding the time period to 90 days. 56 Fed. Reg. 41767, 41787 (Aug. 23, 1991).

2. Interpretation of § 274a.13(d).

■ Defendants argue that § 274a.13(d) gives the INS up to ninety days to process applications. Plaintiffs claim, however, that § 274a.13(d) does not control the time period in which applications must be processed, but only provides for interim employment authorization should the delay continue beyond ninety days. The Court finds merit in defendants' interpretation.

First, the clear language of the regulation suggests such an interpretation. The relevant provisions of § 274a.13(d) are contained in two distinct sentences. The first sentence merely states that the INS "shall adjudicate the application within 90 days ..." The following sentence explains the consequences of delay in excess of ninety days. There is no indication that any "negative" consequence should befall the INS for failure to adjudicate an application before the ninety day period.

■ Second, the Court must defer to the INS' interpretation of its own regulation. *United States v. Larionoff,* 431 U.S. 864, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977); *Alfaro–Orellana v. Ilchert,* 720 F.Supp. 792, 796 (N.D.Cal.1989). While the Court still has an obligation to interpret the regulation, the INS' interpretation must bear on the Court's evaluation. Here the INS clearly interprets § 274a.13(d) to mean that the INS is only obligated to adjudicate applications *within* ninety days.

Third, other Courts, without expressly holding that § 274a.13(d) should be interpreted as the INS suggests, have assumed such an interpretation: *See e.g., National Center for Immigrants' Rights v. INS,* 913 F.2d 1350, 1355 (9th Cir.1990), *rev'd on other grounds,* —— U.S. ——, 112 S.Ct. 551, 116 L.Ed.2d 546 (1991) (where applicant's authorization terminates upon initiation of deportation proceedings applicant may reapply and the "INS has up to [90] days to make its decision. § 274a.13(d)"); *Perales v. Casillas,* 903 F.2d 1043, 1045 (5th Cir.1990) (court cited district court finding that "all requests for voluntary departure made by class members shall be adjudicated within [90] days, *consistent* with 8 C.F.R. 274(a)13(d)") (emphasis added).

3. Reasonable delay.

■ Plaintiffs argue that even if § 274a.13(d) gives the INS ninety days to adjudicate applications, the INS is still subject to the reasonable time requirement of § 555(b). In other words, plaintiffs claim that merely because the INS sets a ninety day time period for itself by regulation, that does not preclude a finding that a delay of less than ninety days is unreasonable under the circumstances, in violation of § 555(b). Defendants argue that, as a matter of law, any adjudication within the ninety day time period set by regulation is not unreasonable.

■ In some sense, the Court agrees with plaintiffs that the mere fact that the INS promulgates a regulation establishing a time period in which applications must be adjudicated does not, in and of itself, mean that an adjudication within the time period cannot constitute unreasonable delay. As the Court hypothesized at the hearing, if the INS set a six month time period by regulation, the reasonableness of such a delay would most definitely be called into question. On the other hand, the Court cannot examine the reasonableness of delays for adjudication in a vacuum. Clearly the time period set by regulation must factor into the Court's analysis.

Courts may looked to extraneous time requirement to determine if an agency's delay is reasonable within the meaning of § 555(b). For example in *LaBonne v. Heckler,* 574 F.Supp. 1016 (D.C.Minn.1983), plaintiffs alleged that the Secretary of Health and Human Services consistently failed to answer complaints for review of denial of benefits within the "reasonable time" required by § 555(b). *Id.* at 1017–19. The Court held that since Federal Rule of Civil Procedure 12(a) provides sixty days for the government to respond, any delay beyond sixty days would be unreasonable for purposes of § 555(b). *Id.* at 1020.

■ The reasonableness of administrative delays must also be judged in light of the resources that Congress has sup-

plied to the agency for the exercise of its functions. *Fraga v. Smith, supra,* at 521. The passage of time alone is rarely enough to justify a court's intervention in the administrative process, especially since administrative efficiency is not a subject particularly suited to judicial evaluation. *Id.* (citing *Wright v. Califano,* 587 F.2d 345, 353 (7th Cir.1978)).

The ninety day time period established by § 274a.13(d) reflects a consideration of the limited resources of the INS and the voluminous applications submitted for adjudication. This is evidenced by the debate surrounding the recent amendment to the section, extending the time period from sixty days to ninety days. The comment to the amendment provides:

> [C]ommenters suggested that the INS be required to adjudicate applications for employment authorization within 3 business days instead of the 60 days as reflected in the interim final rule ... The [INS] rejects these comments. Section 274a.13 paragraph (d) is revised to change the time period during which the [INS] will adjudicate applications for employment authorization from 60 to 90 days. The [INS] has experienced a large increase in the number of applications filed for benefits, and anticipates further increases based upon passage of the Immigration Act of 1990, particularly that portion that authorizes or allows the Attorney General to designate temporary protected status for aliens of certain nationalities. Every effect will be made to adjudicate applications for employment authorization as quickly as possible after receipt of the application. However, workload projections and staffing level projections indicate an increase to 90 days for adjudication is more in line with what can be accomplished.

56 Fed.Reg. 41782 (1991).

Given the wisdom articulated in *Fraga v. Smith* that courts are not particularly suited to evaluate administrative efficiency, this Court is not inclined to second guess the determination of the INS regarding the time period necessary to adjudicate applications. Accordingly, the Court finds that,

as a matter of law, a delay of up to ninety days in adjudicating the applications at issue in this case is not unreasonable within the meaning of § 555(b). Given that plaintiffs do not allege delays in excess of ninety days, the case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows: Defendants' motion to dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.