Florence SIERAKOWSKI, et al.,
Plaintiffs-Appellees,

v.

Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Defendant-Appellant.

No. 350, Docket 83-6177.

United States Court of Appeals,
Second Circuit.

Argued Oct. 26, 1984.

Decided Nov. 15, 1984.

Charles C. Hulin, Willimantic, Conn. (Legal Assistance to Medicare Patients, Judith Stein Hulin, William A. Dombi, Willimantic, Conn., of counsel), for plaintiffs-appellees.

Clifford Pierce, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Boston, Mass. (Alan H. Nevas, U.S. Atty., D. Connecticut, New Haven, Conn., Frank H. Santoro, Asst. U.S. Atty., New Haven, Conn., of counsel), for defendant-appellant.

Before LUMBARD, PIERCE and PRATT, Circuit Judges.

PER CURIAM:

Margaret M. Heckler, Secretary of the United States Department of Health and Human Services, appeals from a June 27, 1983 judgment and subsequent order of the District of Connecticut, M. Joseph Blumenfeld, Judge, granting plaintiffs' motion for summary judgment and directing the Secretary, subject to a phase-in period and certain exceptions primarily for delays caused by the claimants, to decide all appeals from Part A Medicare benefit denials within 165 days of their filing and to report periodically to the court on her progress in doing so.[1] Plaintiffs are a certified class of Connecticut residents who face or have faced lengthy delays in their appeals from denials of Part A Medicare benefits, and they seek to impose a time limit on the Secretary's resolution of such appeals. Citing the Supreme Court's recent decision in *Heckler v. Day*, —— U.S. ——, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), the Secretary alleges that the judgment below must be reversed because it conflicts with Con-

---

1. In choosing a 165 day limit, the district court adopted a time limit that was first proposed by the Secretary when the Sixth Circuit, rather than imposing a judicially devised deadline, ordered the Department to promulgate a time limit for the disposition of appeals from denials of Old Age, Survivors, Disability Insurance and Supplemental Security Income benefits. *See Blankenship v. Secretary of HEW,* 587 F.2d 329 (6th Cir.1978). The district court chose this time limit, rather than the 120 day limit that the plaintiffs sought and that other courts had applied to wage earner's disability appeals and Supplemental Security Income appeals, because it determined that Part A Medicare claimants, whose eligibility is not based on financial need, as a class suffer less from delay than the claimants to whom the 120 day limit had been applied.

gress' decision not to impose a time limit on her review. We agree and, accordingly, we reverse.

Medicare Part A benefits, created under Title XVIII of the Social Security Act, 42 U.S.C. § 1395c *et seq.* (1982), pay, without consideration of financial need, certain health care costs of the aged and the disabled. The benefits are usually paid to the provider of the medical services through a fiscal intermediary. 42 U.S.C. § 1395h (1982). If the intermediary determines that a claim is not covered by Part A Medicare benefits, it notifies the provider of the health care and the claimant by letter. A claimant who is dissatisfied with the intermediary's determination may seek a reconsideration, and, under § 1395ff(b), a claimant still dissatisfied after such reconsideration is entitled to a "hearing ... by the Secretary to the same extent as is provided in § 405(b) of this title." Section 405(b) provides rejected Social Security disability claimants with "reasonable notice and opportunity for a hearing" before an administrative law judge.

In *Heckler v. Day,* 104 S.Ct. 2249 (1984), the Supreme Court struck down the imposition by the District Court for the District of Vermont of a 90-day time limit, under 42 U.S.C. § 405(b), on the Secretary's resolution of appeals from denials of Social Security disability benefits. In overturning the judicially imposed time limit, the Court noted that Congress' failure to specify a time limit in § 405(b) must have been intentional because that section is part of a complex statute which sometimes imposes a time limit on administrative review, *see* 42 U.S.C. § 1383(c)(2) (Supplemental Security Income old age and survivor benefits), and sometimes, as in the case of § 405(b), does not. *Heckler v. Day,* 104 S.Ct. at 2257. More important to the Supreme Court's decision was Congress' repeated rejection of statutory amendments that would have imposed such a time limit on review under § 405(b). *Id.* at 2254–55. In each instance, the Court noted, Congress rejected the time limit in order to insure that the Secretary had sufficient time to consider properly the many disability appeals filed.

Since, in granting claimants a right to administrative review of denials of Part A Medicare benefits, § 1395ff(b) incorporates the provisions of § 405(b), the same section at issue in *Day,* the imposition of a time limit by the district court cannot stand. As the Supreme Court noted in *Day,* the courts must defer to Congress' explicit decision not to include in § 405(b) a time limit on the Secretary's review. Although much of Congress' discussion in declining to amend § 405(b) focused on disability claims, Congress must have intended that its decision also affect Part A Medicare claims. In addition, the argument that the harsh consequences of delay require a time limit despite Congress' failure to create one expressly is less persuasive here than it was in *Day* because, as the district court noted and as all parties concede, Part A Medicare benefit claimants, whose eligibility for benefits is not dependent on financial need, as a class are less likely to be harmed by delay than disability claimants whose financial need is likely to make delay particularly burdensome.

The judgment is reversed.