792 F.2d 299
 55 USLW 2008, 14 Soc.Sec.Rep.Ser. 51,
Unempl.Ins.Rep. CCH 16,798
 Nelson CHAGNON, on behalf of himself and others similarly
situated, Plaintiff-Appellant,
v.
Otis R. BOWEN, in his official capacity as Secretary,
Department of Health and Human Services, Defendant-Appellee.
 No. 1145, Docket 85-6317.
 United States Court of Appeals,
Second Circuit.
 Argued April 28, 1986.
Decided June 5, 1986.
 
 Thomas F. Garrett, Vermont Legal Aid, Inc., Burlington, Vt. (Paula J. Kane, Vermont Legal Aid, Inc., St. Albans, Vt., Wendy Morgan, Vermont Legal Aid, Inc., St. Johnsbury, Vt., of counsel), for plaintiff-appellant.
 John S. Koppel, Atty., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., George W.F. Cook, U.S. Atty., John F. Cordes, Dept. of Justice, Washington, D.C., of counsel), for defendant-appellee.
 Michael McShane, Asst. Atty. Gen., Earl F. Daniels, II, Asst. Atty. Gen., Office of the Atty. Gen., Waterbury, Vt., for State of Vermont as amicus curiae.
 Before FEINBERG, Chief Judge, and KAUFMAN and OAKES, Circuit Judges.
 FEINBERG, Chief Judge:
 
 
 1
 Plaintiffs representing a class of Vermont residents eligible for social security disability benefits under Title II or Title XVI of the Social Security Act (the Act), 42 U.S.C. Sec. 401 et seq. and Sec. 1381 et seq., respectively, appeal from an order of Judge James S. Holden of the United States District Court for the District of Vermont.[1] Judge Holden's order granted the Secretary's motion to vacate a prior judgment, which had imposed mandatory deadlines for payment of social security disability benefits, and to dismiss the action in light of the Supreme Court's opinion in Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). The district judge held that mandatory deadlines were invalid under Heckler v. Day, supra, and that plaintiffs should present their claims individually. Because we find that Heckler v. Day does not preclude imposition of deadlines for payment of disability benefits, we reverse the district court's order vacating its prior judgment and dismissing the action.
 
 I.
 
 2
 Appellants are a class of persons found eligible for Old Age, Survivors and Disability Insurance (OASDI) benefits under Title II of the Act, 42 U.S.C. Sec. 401 et seq., or Supplemental Security Income (SSI) benefits under Title XVI of the Act, 42 U.S.C. Sec. 1381 et seq., as a result of administrative or judicial reversals of initial determinations of ineligibility. Administrative reversals are issued either by an Administrative Law Judge (ALJ) after a hearing, 42 U.S.C. Secs. 405(b) (OASDI) and 1383(c)(1) (SSI), or by the Appeals Council of the Social Security Administration. 20 C.F.R. Secs. 404.967-404.981 (OASDI); Secs. 416.1467-416.1481 (SSI).[2] Plaintiffs filed suit in 1979 to challenge substantial delays between the time they were found eligible and the time they actually received their benefits. The district court certified a class of all Vermont residents who "have been or will be determined eligible for Disability Benefits under Title II and/or Title XVI ... but who do not receive payment of those benefits within a reasonable period of time."
 
 
 3
 In 1982, the district judge granted summary judgment in plaintiffs' favor; his decision is reported at 560 F.Supp. 71. Judge Holden ruled that the Secretary is required to pay benefits within a reasonable time after a favorable decision, relying principally on Sharpe v. Harris, 621 F.2d 530, 532 (2d Cir.1980) (per curiam) (SSI benefits), and White v. Matthews, 559 F.2d 852, 860 (2d Cir.1977), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978) (OASDI benefits). He found that claimants were often subject to unreasonable and unexplained delays before they received payment. See 560 F.Supp. at 75-76. Accordingly, he imposed a 60-day deadline for administrative action necessary for payment of benefits after a favorable decision by an ALJ or the Appeals Council and, because the Secretary was authorized by statute to withhold payment while deciding whether to appeal, he allowed the Secretary 120 days to accomplish payment after a district court decision in the applicant's favor. Id. at 76-77. Judge Holden's order permitted certain exceptions, including situations where delays were attributable to the claimants themselves. The Secretary's appeal and plaintiffs' cross-appeal to this court were withdrawn by stipulation.
 
 
 4
 In 1984, the Supreme Court invalidated the use of judicially-imposed deadlines for adjudicatory stages of the Secretary's administrative review process in which a claimant's eligibility is in dispute. See Heckler v. Day, 467 U.S. 104, 107, 104 S.Ct. 2249, 2251, 81 L.Ed.2d 88 (1984). Such deadlines had been established by the district court and affirmed by this court. See Day v. Schweiker, 685 F.2d 19 (1982). The Court pointed out that the legislative history showed that Congress was concerned with the timeliness of agency determinations of eligibility, but had repeatedly rejected deadlines because of their impact on the quality and uniformity of the adjudicatory process. See 467 U.S. at 112-116, 104 S.Ct. at 2254-2256. The Court held that "[i]n light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." Id. at 119, 104 S.Ct. at 2258. In footnote 33, the Court indicated that "nothing in this opinion precludes the proper use of injunctive relief to remedy individual violations of Sec. 405(b)." Id. at 119 n. 33, 104 S.Ct. at 2258 n. 33 (emphasis in original).
 
 
 5
 After the remand in Heckler v. Day, the Secretary moved pursuant to Fed.R.Civ.P. 60(b) to vacate the district court's 1982 judgment in this case and dismiss the class action.[3] Stressing the similarity between this case and Heckler v. Day, the Secretary argued that, in the absence of congressional authorization, a court cannot impose time limits for payment of benefits. In response, plaintiffs argued that Heckler v. Day was not controlling and that, in any event, the Administrative Procedure Act and the due process clause provided alternative bases for the time limits. Judge Holden granted the Secretary's motion, stating that "[w]hile the Supreme Court did not speak directly to the propriety of time limits on the processing of payments already determined to be due, it clearly indicated that plaintiffs seeking relief from delays in the administration of disability benefits claims, should present their claims individually." He cited footnote 33 of Heckler v. Day in support of this interpretation.
 
 II.
 
 6
 This appeal requires us to consider whether Heckler v. Day, which found mandatory deadlines in the adjudicatory process improper, also applies to deadlines for payment of persons already found to be disabled. Appellants argue that Heckler v. Day does not undermine the legal basis for the district court's 1982 injunction in this case. They contend that the Court's decision to invalidate mandatory deadlines relied exclusively on congressional concern for the quality and uniformity of agency adjudications. Those considerations are not implicated by the use of deadlines in this case, they claim, since the time limits here regulate only the ministerial task of effectuating payment to persons determined to be disabled under the Act.
 
 
 7
 In response, appellee Secretary argues that the district court correctly applied the Supreme Court's reasoning in Heckler v. Day to abolish all mandatory deadlines in the administration of the Title II and Title XVI programs not specifically authorized by Congress. Appellee claims that the district court's 1982 decision relied on cases that are no longer good law after Heckler v. Day. In addition, the Secretary cites this court's decision in Sierakowski v. Heckler, 748 F.2d 115 (2d Cir.1984) (per curiam), which invalidated court-ordered time limits relating to determination of medicare claims, and urges a similar extension here.
 
 
 8
 We agree with appellants' interpretation of Heckler v. Day. We believe that the Court ruled only on the validity of deadlines in the adjudicatory process, that is, in the determination of eligibility. See, e.g., 467 U.S. 105, 104 S.Ct. at 2250 ("The question presented is the validity of an injunction ... that requires the Secretary to adjudicate all future disputed disability claims ... according to judicially established deadlines") (emphasis added); see also id. at 119 n. 33, 104 S.Ct at 2250 (describing the question decided). As in our separate opinion in Barnett v. Bowen, see supra note 3, we emphasize the narrowness of the Court's holding in Heckler v. Day and its reliance on express legislative rejection of the very relief ordered by the district court in that case. The legislative history relied on by the Court shows that Congress considered the impact of deadlines only on the adjudicatory process; it feared that "mandatory deadlines would jeopardize the quality and uniformity of agency decisions...." Id. at 114, 104 S.Ct. at 2255 (emphasis added).
 
 
 9
 The Secretary concedes that the legislative history is silent as to the propriety of time limits for payment of SSI or OASDI benefits to persons already found eligible for them. Moreover, Congress' primary concern--the quality of agency determinations--does not apply to the mechanics of payment. Indeed, unlike the adjudication of an applicant's eligibility for disability benefits, at issue in Heckler v. Day, the administrative action necessary to accomplish payment involves largely routine, ministerial tasks. It entails the clerical work of registering the claim, calculating the amount of payment and transmitting the data to the central computer system. See 560 F.Supp. at 72-73. Judge Holden noted previously that the process consists of "different standardized steps." Id. at 72. We see no reason to assume that Congress would be willing to tolerate substantial delays in payment due to bureaucratic sluggishness; we note that delays caused by a claimant's own failure to provide information or verification are excludable from the mandatory time limits set by the district court's 1982 order and certain more complicated types of payments are excluded from the order altogether. Similarly, we believe that Congress' concern for uniformity was designed "to ensure that claimants throughout the Nation will be judged under the same uniform standards and procedures," 467 U.S. at 116, 104 S.Ct. at 2256, quoting S.Rep. No. 408, 96th Cong., 2d Sess. 55, reprinted in 1980 Cong. & Ad. News 1277, 1333 (emphasis added). This would not seem to require a uniform time table for completion of the ministerial tasks associated with accomplishing payment.
 
 
 10
 Contrary to the Secretary's contention, earlier cases relied on by the district court, e.g., Sharpe v. Harris, 621 F.2d 530 (2d Cir.1980) (per curiam), still support the limited proposition that Title II and Title XVI of the Act require payment of benefits "within a reasonable time after a favorable decision." See 560 F.Supp. at 75. We note that the Supreme Court did not disturb a similar "reasonable time" requirement in the adjudicative context. See 467 U.S. at 111, 104 S.Ct. at 2253. Furthermore, by withdrawing the appeal from Judge Holden's original decision in 1982, the Secretary waived his opportunity to argue that he is not required to pay benefits in a reasonable time.
 
 
 11
 Sierakowski v. Heckler, supra, cited by the Secretary, does not represent an extension of Heckler v. Day comparable to that urged here and is not controlling. In Sierakowski, this court invalidated a 165-day deadline for decisions after hearings pursuant to 42 U.S.C. Sec. 1395ff(b) to review denial of Part A medicare benefits. However, Sierakowski also concerns the timing of eligibility determinations, rather than payments, and involved a section that incorporates section 405(b), the same provision at issue in Heckler v. Day. See Sierakowski, supra, 748 F.2d at 116.
 
 
 12
 We conclude that this case is not controlled by an intervening change in the law resulting from the Supreme Court's recent decision in Heckler v. Day and that the district court's injunction is not otherwise inequitable. See Fed.R.Civ.P. 60(b)(5). Indeed, as Judge Holden found, for those who have already succeeded in reversing a determination that they were ineligible for disability benefits, such a victory is often a hollow one, since they are "forced to undergo lengthy delays before receiving payment [and] often suffer severe hardship...." 560 F.Supp. at 74. The Secretary does not dispute the fact that many such already successful claimants are nevertheless "forced to exist on relatively meager Vermont General Assistance payments, food stamps, and the generosity of friends and neighbors." Id. Accordingly, we find that the district court abused its discretion by vacating its injunction and dismissing the class action.
 
 
 13
 For the foregoing reasons, the judgment of the district court is reversed.
 
 
 
 [1]
 This case was consolidated on appeal with Day v. Bowen, No. 85-6315, and Barnett v. Bowen, No. 85-6252. However, because of the distinct nature of the facts and issues raised in those two cases, they are the subject of a separate opinion
 
 
 [2]
 The administrative review process is described more fully in Heckler v. Day, 467 U.S. at 106-107, 104 S.Ct. at 2251
 
 
 [3]
 The Secretary brought similar motions in the cases referred to in note 1, supra. Thereafter, the district court also vacated the previous injunctions in those actions, denied any class-wide relief and dismissed the class actions. On May 30, 1986, we reversed the district court's denial of alternative relief and dismissal of those class actions. We remanded both cases for appropriate class-wide relief