**Karen Kress WEISBORD, Esq.**

v.

**Margaret HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 85–4030.**

United States District Court, E.D. Pennsylvania.

Dec. 8, 1986.

Richard A. Weisbord, Philadelphia, Pa., for plaintiff.

Joan K. Garner, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Karen Kress Weisbord, an attorney, filed this mandamus action requesting the Court to order the defendant, the Secretary of Health and Human Services, to issue award notices to four claimants whom the plaintiff successfully represented and to order the payment of attorneys' fees due her in these four social security cases. The parties have filed cross-motions for summary judgment.

The material facts concerning which there are no genuine issues may be summa-rized as follows: Weisbord, acting as counsel for the claimants in the cases of *Klagholtz v. Heckler,* No. 83–4345, *Pitman v. Heckler,* No. 83–4687, *Grover Fluid,* Claim No. 243–24–7147 and *Juan Montalvo,* Claim No. 168–44–2028, was successful in obtaining awards in favor of the claimants under the Social Security Act. Shortly after this action was filed, the awards due the claimants were paid and Weisbord's attorneys' fees in all four cases were paid. Only *Klagholtz v. Heckler* was before this Court. In *Klagholtz,* an Order dated March 8, 1985 approved an attorneys' fee of $2,604.00. On August 8, 1985, the check was issued to Weisbord. In the *Pitman* case, the Appeals Council of the Social Security Administration on February 7, 1985 sent instructions to Weisbord to file her fee petition with the Office of Hearings and Appeals. On August 2, 1985, the defendant certified payment of benefits to Pitman, and on August 29, 1985, issued an award certificate. In the *Fluid* action, Fluid was found eligible for social security disability benefits on February 1, 1985. On August 3, 1985, all past due benefits were paid to the claimant and $2,695.95 was paid as an attorney's fee. In the *Montalvo* action, the claimant was awarded benefits on April 12, 1985. On July 12, 1985, the defendant sent a check to the claimant for $4,960.50 and $1,653.50 was paid as an attorney's fee. Weisbord, in her cross-motion for summary judgment, concedes that all the awards have been paid to the claimants and that she has received all the fees due her in connection with her successful pursuit of the four cases. This action was filed on July 11, 1985, prior to the issuance of the payments discussed above. Weisbord contends that the defendant made the payments solely because of the institution of this mandamus action, that she is a prevailing party, and that she is therefore entitled to costs, interest and attorneys' fees in connection therewith.

■ Section 1361 provides:

The district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agen-

cy thereof to perform a duty owed to the plaintiff.

It is well-established that mandamus jurisdiction may be invoked only where the following three elements are present: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. *Americana Healthcare Corp. v. Schweiker*, 688 F.2d 1072, 1084 (7th Cir.1982), *cert. denied*, 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 434 (1983) (citing *Cervoni v. Secretary of Health, Education and Welfare*, 581 F.2d 1010, 1019 (1st Cir.1978) and *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir.1972)). The mandamus remedy should only be granted "under exceptional circumstances of clear illegality." *Americana Healthcare, supra* at 1084 (citing *Cernovi, supra* at 1019), and for a specific, plain, ministerial act "devoid of the exercise of judgment and discretion." *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 25–26 (3d Cir.1975). *See also Spock v. David*, 469 F.2d 1047, 1050 (3d Cir.1972).

In this action, the defendant had a legal duty to pay benefits within a reasonable time after a favorable decision, as required under Title II and Title XVI of the Social Security Act. *See Chagnon v. Bowen*, 792 F.2d 299, 302–03 (2d Cir.1986); *Sharpe v. Harris*, 621 F.2d 530, 532 (2d Cir.1980). However, Weisbord has not shown, through affidavits or otherwise, that the defendant failed to act within "a reasonable time." No exceptional circumstances of clear illegality exist and payment by the defendant within the period in question is not positively commanded nor plainly prescribed so as to be free from doubt. Therefore, as will be discussed herein, summary judgment will be entered in favor of the defendant.

Initially, the Court points out that the claimants in the four social security actions are not the plaintiffs in this mandamus action. The attorney who represented the claimants instituted this action in her own name and not the names of the claimants. Since section 1361 refers specifically to "a duty owed to the plaintiff", even if this Court was of the opinion that mandamus was appropriate under the circumstances presented in this action, it would appear that this mandamus action should have been brought in the names of the claimants.

■ Processing payments after final determinations have been made that such payments are due is a ministerial act which appears to come within the scope of section 1361. "An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Association of Community Organizations for Reform Now (ACORN) v. Southeastern Pennsylvania Transportation Authority (SEPTA)*, 462 F.Supp. 879, 886 (E.D.Pa.1978), *aff'd* 605 F.2d 1194 (3d Cir.1979). The question presented, therefore, is whether this Court could have granted mandamus relief since at the time this action was filed, payments had not been received for periods ranging from three to five months from the date ordered.

In *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), in considering an injunction (not a section 1361 mandamus action) wherein the district court ordered social security hearings held within specific time limits, the United States Supreme Court, in vacating the injunction stated:

> The Secretary correctly points out that Congress repeatedly has been made aware of the long delays associated with resolution of disputed disability claims and repeatedly has considered and expressly rejected suggestions that mandatory deadlines be imposed to cure that problem.
>
> \* \* \* \* \* \*
>
> The consistency with which Congress has expressed concern over this issue is matched by its consistent refusal to impose on the Secretary mandatory deadlines for resolution of disputed disability claims.
>
> \* \* \* \* \* \*

Bills proposing statutory deadlines have been proposed almost annually since 1975, and congressional concern over the delay problem has remained high.

\* \* \* \* \* \*

Certainly in Congress the concern that mandatory deadlines would jeopardize the quality and uniformity of agency decisions has prevailed over considerations of timeliness.

\* \* \* \* \* \*

Finally, the Secretary points out that judicially imposed deadlines may vary from case to case and from state to state, requiring HHS to shuffle its staff nationwide. Not only would this tend seriously to disrupt agency administration, but wide variation in judicially imposed deadlines also would prevent realization of Congress oft-repeated goal of uniform administration of the Act.

*Id.* at 112–16, 104 S.Ct. at 2254–56 (footnote omitted).

Likewise, in *Wright v. Califano,* 587 F.2d 345 (7th Cir.1978), where the district court had ordered that hearings take place within specific time limits and interim payments be made in cases where the time limits were violated, the court stated:

[S]ince the delays complained of are system-wide and there are no allegations of bad faith, a dilatory attitude, or a lack of evenhandedness on the part of the agency, the reasonableness of the delays in terms of the legislatively imposed "reasonable dispatch" duty must be judged in the light of the resources that Congress has supplied to the agency for the exercise of its functions, as well as the impact of the delays on the applicants' interests.

*Id.* at 353–54. In light of the reasons expressed by the United States Supreme Court in *Heckler v. Day* and the Seventh Circuit in *Wright v. Califano,* this Court is of the opinion that under the circumstances presented herein, mandamus would have been inappropriate.

The Court is aware that in *Chagnon v. Bowen,* 792 F.2d 299 (2d Cir.1986) the court affirmed an injunction of the district court which set deadlines for payments to social security recipients. The Second Circuit in *Chagnon* distinguished *Heckler v. Day* on the ground that it "applied only to the validity of deadlines in the ajudicatory process, that is, in the *determination* of eligibility." *Chagnon,* 792 F.2d at 301 (emphasis added). *Chagnon,* however, did not address itself to mandamus relief pursuant to section 1361 and this Court is not persuaded that the reasoning of the Supreme Court in *Heckler v. Day* should be construed as applying only to the "adjudicatory process." While recognizing that unreasonable delay might, in some circumstances, provide a jurisdictional basis for a district court to issue mandamus relief pursuant to section 1361, under the circumstances of this action, no such relief would have been appropriate. There being no genuine issues of material fact, and this Court having determined that as a matter of law mandamus is inappropriate, summary judgment will be granted in favor of the defendant. Since judgment will be entered in favor of the defendant, the plaintiff is not a prevailing party and is not entitled to attorneys' fees, interest or costs.