835 F.2d 1056
 20 Soc.Sec.Rep.Ser. 148, Unempl.Ins.Rep. CCH 17,802
Evelyn HOLMAN; Leora C. Hardy; Hilton Gary; John Hunter;
James C. Penn; Gloria Mejias; Victor Rivera, Natividad
Rivera, Gladys Baez, Mabel A. Brown; Mendella M. Fains,
Warren R. Baker, Florence Halbleib, Julio Gomez Gonzales,
Miguel A. Maldonado, Alejo Abreu, Ramona Ortiz, William A.
London, Julia Diaz De Jesus, Claudio Fuentes Lisboas, Hilda
Dumbauld, Evans C. Reichard, Robert E. Shields, Grace
McCarron, on behalf of themselves and all others similarly situated,
v.
Joseph A. CALIFANO, Jr., Secretary of Health, Education and
Welfare, Evelyn Holman, et al., Appellants.
 No. 87-5365.
 United States Court of Appeals, Third Circuit.
 Submitted Pursuant to Third Circuit
 Rule 12(6) Dec. 10, 1987.
Decided Dec. 29, 1987.
 
 Peter Zurflieh, Central Pennsylvania Legal Services, Harrisburg, Pa., for appellants.
 Richard K. Willard, Asst. Atty. Gen., James J. West, U.S. Atty., John F. Cordes, John S. Koppel, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for appellee.
 Before GREENBERG, SCIRICA, Circuit Judges, and POLLAK,* District Judge.
 OPINION OF THE COURT
 GREENBERG, Circuit Judge.
 
 
 1
 Plaintiffs are a class of persons in Pennsylvania who have applied for and have been found eligible for social security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 401, et seq., and/or for supplementary security income disability benefits under Title XVI, 42 U.S.C. Sec. 1381, et seq., but have not been notified of their eligibility nor paid the amounts due within 30 days of determination of eligibility. As members of a larger class which included persons seeking administrative adjudication of disputed social security disability claims, they brought this action against defendant, the Secretary of Health and Human Services, under section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g). The original class sought a judgment specifying time limits for adjudication of their claims and for payment thereafter.[1] Following the decision of the Supreme Court in Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), which held that a district court could not fix deadlines for administrative adjudications of disputed disability claims, the action was narrowed and the class seeking relief was limited to persons found eligible for disability payments. On May 1, 1987, the district court entered a judgment on motion of this limited class for partial summary judgment and declared that the Secretary must effectuate payment of benefits to members of their class within a reasonable time following determination of eligibility. The order, however, also granted the Secretary's motion which had sought a summary judgment that the court would not specify time limitations for the payments. Plaintiffs appeal from this latter portion of the judgment.
 
 
 2
 In his written opinion the district judge held that under Heckler v. Day it was clear that payments were to be made within a reasonable time after eligibility was determined. He nevertheless stated that any delay in payment could be remedied only on an individual case basis as Congress had not established a time limit for payment of claims and the Supreme Court in Heckler v. Day had indicated that when Congress intended to fix deadlines for administrative action it did so expressly.
 
 
 3
 The judge declined to follow the decision of the United States Court of Appeals for the Second Circuit in Chagnon v. Bowen, 792 F.2d 299 (1986), which held that Heckler v. Day does not preclude imposition of deadlines for the payment of disability benefits. He reasoned that the Supreme Court expressed concern in Heckler v. Day that establishment of statewide deadlines would prevent realization of the Congressional intent that the Social Security Act be uniformly administered. Furthermore, he observed that imposition of statewide deadlines would vary in length from state to state and thus an order establishing deadlines would force the Secretary to shift resources among the states. The judge further held that the Chagnon court had oversimplified the payment process by characterizing it as ministerial. He pointed out that this process may involve development and upgrading facts regarding a claimant's income, financial resources, marital status, children's ages and mental capacity as well as requiring consideration of windfall offset procedures in the calculation of retroactive benefits. He also stated that the Chagnon court had paid "little heed" to the discretion of the Secretary to formulate payment procedures.
 
 
 4
 The judge indicated that he should defer to the Secretary's interpretation of the Social Security Act "so long as it is reasonable." He reasoned that: "[t]he Secretary has interpreted the statutes as not requiring the imposition of a specified time limitation on the effectuation process. We cannot conclude that this interpretation is unreasonable." He also noted that Congress had not imposed time limitations for payment of disability benefits even though it had amended and reviewed Titles II and XVI. Finally, he said that plaintiffs as a class had not been denied due process of law by a delay in payment.[2]
 
 
 5
 Plaintiffs' appeal raises a very narrow issue. Their motion for partial summary judgment merely sought rulings that the Secretary is required to effectuate payment within a reasonable time and in the event he fails to do so the court is empowered to impose time limitations for such payment. Plaintiffs sought to reserve for trial issues relating to whether the Secretary had violated his duty and, if so, what relief should be granted. While the Secretary sought summary judgment on all issues, inasmuch as he now accepts the district court's declaration that payment must be made within a reasonable time of the determination of eligibility, the only issue before us is whether the district court may impose time limitations if it finds that the Secretary has violated his duty to the plaintiff class.[3]
 
 
 6
 After a careful review, we have concluded that the district court erred in granting the Secretary's motion for summary judgment. Heckler v. Day dealt with establishment of mandatory deadlines for administrative determination of disputed disability claims. There the court held that judicial intrusion into the administrative process was unwarranted because Congress had repeatedly rejected proposals for mandatory adjudicatory deadlines in disability cases, even though in situations involving other types of claims under the Social Security Act it had established deadlines for adjudications in administrative hearings. 467 U.S. at 118, 104 S.Ct. at 2257. Heckler v. Day, however, is not controlling here for, as noted in Chagnon v. Bowen, 792 F.2d at 302, there is no comparable legislative history demonstrating that Congress has rejected deadlines for the payment of benefits for persons found eligible for them. We recognize, of course, that the district judge was properly concerned with the possible difficulties in applying a uniform rule in a class-wide situation. Nevertheless, we cannot say on the record before us that it could not be proven at trial that it would be impractical to grant relief to the class represented by plaintiffs or to groups within it in which event the class could be divided into subclasses. See Fed.R.Civ.P. 23(c)(4); Marcello v. Regan, 574 F.Supp. 586, 591-92 (D.R.I.1983).[4]
 
 
 7
 While we have no quarrel as an abstract matter with the district judge's suggestion that we should defer to the Secretary's interpretation of the statute as long as it is reasonable, we do not see how this principle relates to this case. Plaintiffs make no suggestion that Congress has set time limits for effectuation of payments and they do not ask us to read such deadlines into the statute. Instead they urge that the court should impose the deadlines as a remedy if plaintiffs prove that the Secretary has violated his statutory duty to make payments within a reasonable time. Thus, the statutory construction question rather than being whether Congress has authorized the Secretary to establish deadlines, is whether it has precluded the court from granting the relief of setting time limitations if the court finds that he has violated his statutory duty. Inasmuch as the statute is silent on this point and the Secretary directs our attention to no meaningful legislative history reflecting Congressional intent, we see no reason to hold that the court is barred from granting equitable relief by establishing deadlines for payment on a class-wide basis. Indeed, our result is consistent with decisions recognizing the availability of class-wide relief in social security cases. See Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); Califano v. Yamasaki, 442 U.S. 682, 698-701, 99 S.Ct. 2545, 2556-58, 61 L.Ed.2d 176 (1979). Thus, we are satisfied that this case must be remanded to the district court for further proceedings.
 
 
 8
 We emphasize that our decision is quite limited. On remand plaintiffs will have the burden to establish that the Secretary has violated his duty and that class-wide or subclass relief should be granted. Accordingly, we are holding only that at this stage of the proceedings we cannot say as a matter of law that establishment of deadlines can never be permitted for the plaintiff class or subclasses within it.
 
 
 9
 We find it unnecessary to address plaintiffs' due process contentions for we are convinced that in this case even if plaintiffs could establish that there is a constitutional right to payment within a reasonable time and the Secretary has violated that right, the relief then granted could not be broader than would be afforded plaintiffs as a remedy for a violation of his statutory obligations.
 
 
 10
 In view of the foregoing, the order of May 1, 1987, insofar as it granted defendant summary judgment, will be reversed and the matter will be remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 See Holman v. Califano, 83 F.R.D. 488 (M.D.Pa.1979), for prior proceedings in this case
 
 
 [2]
 The Secretary cross-appealed from the order insofar as it provided that payments were to be made within a reasonable time after determination of eligibility. On his motion this cross-appeal has been dismissed and he thus accepts the judgment that he must make payments within a reasonable time
 
 
 [3]
 Our standard of review is plenary as we are concerned with intepretation and application of legal precepts. United States v. Adams, 759 F.2d 1099, 1106 (3d Cir.1985), cert. denied, 474 U.S. 906, 971, 106 S.Ct. 275, 336, 88 L.Ed.2d 236, 321 (1985). At this stage of the proceedings we are not reviewing the district court's action in fashioning remedies which we would reverse only for an abuse of discretion. Commonwealth of Pennsylvania v. Local Union 542, 807 F.2d 330, 334 (3d Cir.1986)
 
 
 [4]
 The district court in Heckler v. Day exempted certain cases from its order fixing deadlines for hearings, thus demonstrating the possibility for subclasses to be recognized. See 467 U.S. at 109-10 n. 12, 104 S.Ct. at 2252-53 n. 12