944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry BYARS, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 90-1259.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1991.
As Amended Jan. 6, 1992.
 
 1
 Before MERRITT, Chief Circuit Judge, RALPH B. GUY, Jr., Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). All counsel of record have waived oral argument.
 
 
 3
 The Secretary of Health and Human Services appeals the district court's order of February 8, 1990 remanding the plaintiff's case to the Secretary for consideration of additional medical evidence. The district court initially ordered that this review was to be completed by the Secretary and submitted to the court prior to March 1, 1990 or that the plaintiff's benefits would be awarded retroactively as of March 1, 1990. The parties later agreed and stipulated to the district court's order of remand which also extended the time for review on remand to April 1, 1990.
 
 
 4
 Byars filed an application for social security supplemental security income benefits and for a period of disability and disability insurance benefits alleging a disability since June 2, 1987 due to acute emphysema and angina. Following a hearing, the administrative law judge (ALJ) determined that Byars was not disabled because he had the residual functional capacity to perform a significant number of jobs which exist in the national economy. The Appeals Council thereafter denied Byars's request for review and found that the additional medical evidence that he had submitted was not relevant to establishing disability prior to August 25, 1988, the date of the ALJ's hearing decision.
 
 
 5
 Thereafter, Byars filed a complaint seeking judicial review of the Secretary's decision. The magistrate found that there was substantial evidence to support the Secretary's decision and recommended granting the Secretary's motion for summary judgment. The district court judge did not accept the magistrate's recommendation and remanded the case for the ALJ's consideration of the additional medical evidence submitted after his August 25, 1988 hearing decision. In addition, the district court judge ordered that the Secretary was to complete and submit this review on remand to the district court by March 1, 1990 or benefits would automatically be awarded retroactively as of that date. On February 8, 1990, the parties agreed and stipulated to the district court's order and agreed to extend the deadline for the remand proceedings by the Secretary to April 1, 1990. The secretary has filed a timely appeal.
 
 
 6
 Upon review, we conclude that the district court abused its discretion and exceeded its authority by imposing mandatory deadlines for the completion of remand proceedings by the Secretary and in awarding benefits if the Secretary failed to comply with the time limitations and the remand order. See Heckler v. Day, 467 U.S. 104 (1984); Littlefield v. Heckler, 824 F.2d 242, 247 (3d Cir.1987); Nowells v. Heckler, 749 F.2d 1570, 1571 (11th Cir.1985) (per curiam); Sierakowski v. Heckler, 748 F.2d 115, 116 (2d Cir.1984) (per curiam).
 
 
 7
 Furthermore, if the Secretary's decision is unsupported by substantial evidence, a court can only reverse the Secretary's decision and award benefits where there is an adequate record and the Secretary's decision is clearly erroneous, proof of disability is overwhelming or proof of disability is strong, and the evidence to the contrary is lacking. See Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir.1985). Based on the limited circumstances in which a court can award benefits, the district court exceeded its authority in providing for the payment of benefits if the Secretary failed to meet judicially-imposed deadlines in the adjudication of disability claims on remand.
 
 
 8
 A court may remand a case to the Secretary for consideration of additional evidence at any time but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir.1986). Byars submitted new medical evidence which was not available at the time the ALJ made his determination. The record amply supports a conclusion that this medical evidence may be relevant to Byars's condition prior to August 25, 1988. On remand, the Secretary should obtain the opinion of a medical expert regarding the relevancy of the new medical evidence on Byars's medical condition prior to August 25, 1988.
 
 
 9
 Accordingly, the district court's decision to remand the case to the Secretary for further consideration and in accordance with this decision is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. That part of the district court's order which imposed a mandatory deadline for the completion of the remand proceedings and an award of benefits if the Secretary failed to comply with this deadline is hereby vacated. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation